## JOHN T. MURPHY'S (dependent's) CASE.

Norfolk.    March 6, 1918. — May 22, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act.  Evidence,* Presumptions and burden of proof, Matter of conjecture.

A man thirty-five years of age, a carpenter by trade, who was employed in a factory to help around generally, doing odd jobs with no regular hours and subject to call at all times, was told on a Saturday morning that after he had done certain things he could go home and return when it was necessary to care for the furnaces, but he did not go home, and the next morning at about half past ten o'clock the proprietor of the factory found him sitting on a box in front of a furnace, when he complained of feeling ill. A physician was sent for and, arriving about an hour later, found him "in a semi-conscious state, frothing at the mouth and stiffening up on one side." He was sent to a hospital and died soon afterwards, and his dependent widow made a claim under the workmen's compensation act. Previous to his death the employee appeared to have been in good health. He had assisted in making repairs on a tank in which chemicals were prepared, having been inside about ten or fifteen minutes on each occasion. There was evidence that on at least two occasions he had been overcome while working in this tank and that at times he had not appeared to be well. The claimant contended that the employee's death was the result of a personal injury due to the inhalation of poisonous fumes from chemicals. The physician who attended him at the factory, also the medical examiner who examined his body and another medical examiner each testified that he was unable to state the cause of death. The arbitration committee found that "the arbitrators are unable to determine what was the cause of [his] death, this being wholly a matter of conjecture, and, therefore, are unable to find that [his] death . . . arose out of his employment." This finding was adopted by the Industrial Accident Board. *Held,* that the finding was warranted.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board refusing to award compensation to Mary A. Murphy, the dependent widow of John T. Murphy, who died on March 2, 1913, when in the employ of the O. A. Miller Treeing Machine Company, a corporation maintaining a factory at Quincy called the Old Angier Mills, in which Murphy was employed.

The decision appealed from concluded as follows: "The evidence leaves the matter of the cause of the death of the employee

in doubt, removes apoplexy or other organic diseases as its probable cause, shows that the employee did not die of asphyxia and does not sustain the claim of the dependent that it arose out of and in the course of the employment by reason of poisoning from the chemicals which were used in the manufacture of moving picture film material. The board, therefore, finds that the weight of the evidence does not show that the employee received a personal injury arising out of and in the course of his employment."

The case was heard by *Fessenden*, J. The evidence reported is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the dependent widow of the employee appealed.

*G. W. Abele*, for the dependent widow.

*G. Gleason*, for the insurer.

CROSBY, J. It is the contention of the claimant that the employee died on March 2, 1913, as the result of a personal injury arising out of and in the course of his employment, — by poisoning from fumes of chemicals used in experimental work at the place where he was employed. He was a carpenter by trade, thirty-five years old, and was employed to help around generally, "doing odd jobs, with no regular hours, subject to call at all times including Sundays and evenings." His employment began about August 19, 1912, and there was evidence that during the early part of the week ending Saturday March 1, 1913, work at the factory was temporarily discontinued; that on the Saturday morning above referred to he went to work as usual, and was told by his employer that after doing certain things that had to be done he could go home and return when necessary to care for the furnaces, as there was nothing else for him to do. The evidence shows that he did not go home afterwards; that the next morning the employer went to the factory about 10:30 o'clock and found Murphy sitting on a box in front of a furnace; that he complained of feeling ill; that a physician was sent for and arrived about 11:20 o'clock; that at that time Murphy "was in a semi-conscious state, frothing at the mouth and stiffening up on one side;" that he was sent to a hospital and died soon afterwards.

The Industrial Accident Board found that "It was shown that the employee had been in good health previous to his death and that he had been engaged to perform carpenter work and help

his employers to perfect a certain moving picture film. Certain chemicals were used in preparing this film, the testimony showing, however, that these were not dangerous nor was there any risk of suffocation or poisoning from their use or from contact with them. The employee had assisted in making repairs on the tank into which the preparation of chemicals was placed, being inside about ten or fifteen minutes on each occasion." The physician who attended him at the factory testified that he could not state the cause of death. Dr. Magrath, medical examiner for Suffolk County, examined the body on July 7, 1913; he testified he was unable to state the cause of death. And Dr. Jones, medical examiner for the Quincy district, testified to the same effect. The arbitration committee found that "the arbitrators are unable to determine what was the cause of Murphy's death, this being wholly a matter of conjecture, and, therefore, are unable to find that John T. Murphy's death on March 2, 1913, arose out of his employment." This finding has been adopted and affirmed by the board.

To entitle the dependent to the payment of compensation under the workmen's compensation act, it must be found affirmatively that the injury which caused the death of the employee arose out of and in the course of his employment, — the burden rests upon her to prove that fact by a preponderance of evidence. The finding of the board that the injury did not arise out of and in the course of his employment, was a finding upon a question of fact, and cannot be set aside if there was any evidence to support it. *Sponatski's Case*, 220 Mass. 526. *Sanderson's Case*, 224 Mass. 558.

It is true, as the counsel for the claimant argues, that the facts required to establish her claim to compensation under the act need not necessarily be proved by direct evidence, but may be established by reasonable inferences drawn from facts shown to exist. *Von Ette's Case*, 223 Mass. 56, 59, 60. *Sponatski's Case, supra*. Although there was evidence that the employee had been overcome on at least two occasions while working in the mixing tank, and that on other occasions during his employment he had complained of feeling ill, and at times had not appeared to be well, still upon all the evidence we cannot say that the Industrial Accident Board was required to find that his death was the result of a personal injury due to the inhalation of poisonous fumes from

chemicals, as the claimant contends; there was no direct evidence to support that contention and we do not think it reasonably could be inferred that death was the result of that cause. In view of the medical and other testimony, it would seem that the finding of the board that the cause of death was doubtful and could not be determined, was amply justified.

While the widow and children of the deceased are entitled to sympathy, we are constrained to hold that the cause of the employee's death is wholly conjectural and speculative. The contention that it arose out of the employment does not rest on a sound basis in view of the evidence as recited in the record. *Sanderson's Case, supra. Milliken's Case,* 216 Mass. 293. *Marshall* v. *Owners of Steamship Wild Rose,* [1910] A. C. 486. *Barnabas* v. *Bersham Colliery Co.* 3 B. W. C. C. 216.

Because of the conclusion reached, we need not consider whether the dependent's claim for compensation is barred for failure to give the notice required by St. 1911, c. 751, Part II, § 15, nor whether under Part II, § 18, the dependent would be entitled to compensation even if such notice had not been given.

*Decree affirmed.*