### ASSOCIATED EMPLOYERS' RECIPROCAL et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12124—Opinion Filed Sept. 13, 1921.

(Syllabus.)

1. Master and Servant — Workmen's Compensation—Finality of Decisions of Industrial Commission.

By the provisions of section 10 of the Workmen's Compensation Law (chapter 14, Session Laws 1919) the decision of the State Industrial Commission is made final as to all questions of fact; but this is so only when there is some evidence to support such decision, and where there is absolutely no evidence to support such finding and decision, the same may be reviewed as a matter of law.

2. Same—Proceeding Before Commission—Burden of Proof.

In a proceeding before the State Industrial Commission, seeking compensation for an alleged injury, the burden of proof is upon the claimant to show by the evidence that the injury complained of was accidental and arose out of and in the course of his employment.

3. Same—Award of Commission—Evidence.

Evidence examined, and held, that there is no evidence to support the award.

Original Proceeding in This Court to Vacate an Award of the State Industrial Commission.

Petition filed by Associated Employers' Reciprocal and Missouri Valley Bridge Company, corporations, against State Industrial Commission and John Kuhn, to vacate award of workman's compensation to Kuhn. Reversed and remanded.

Twyford & Smith and John P. Hampton, for petitioners.

NICHOLSON, J. This is an original proceeding instituted in this court to vacate an

award of the State Industrial Commission. The claimant, John Kuhn, filed with the State Industrial Commission his claim for compensation in which he alleged that on July 10, 1920, he was employed by the Missouri Valley Bridge Company, near Calvin, Oklahoma, and while thus employed and on said day while working in the air pressure sinking a pier, his left ear was injured, impairing his hearing. The Missouri Valley Bridge Company, respondent before the commission, and the Associated Employers' Reciprocal, as insurance carrier, filed a verified answer in which they denied that the claimant sustained an accidental injury arising out of and in the course of his employment, and denied liability. The claim and answer constituted the pleadings tendering the issue before the commission.

On the 16th day of February, 1921, the State Industrial Commission made an order awarding the claimant compensation at the rate of $18 per week, to continue until he returned to work at the same rate of wages he was receiving at the time of the alleged injury, viz., $6.50 per day, and further awarded him the sum of $1,500 for the loss of hearing in his left ear.

It appears from this order that the award was made solely upon the report of the medical examination of Dr. W. P. Lipscomb, there being no other evidence introduced. This report reads as follows:

"Oklahoma City, Oklahoma,

"December 10, 1920.

"State Industrial Commission,
"State Capitol, Oklahoma City,

"Gentlemen:

"Examination of John Kuhn, December 19th, 1920.

"Ear, Right—Drum is slightly retracted and thickened. No other abnormality is found Left—There is a large round perforation of the drum, with a small amount of mucopurulent discharge. There is total deafness in this ear. Nose—a little thickening and irregularity of septum. Mucous membrane in state of moderate catarrhal inflammation, with small amount of muco-purulent discharge. Throat—Tonsils are enlarged and diseased. Teeth—Are in very good condition.

"The loss of hearing in the left ear may improve to some extent when the infection in the middle ear is completely overcome, and the drum healed; however this is uncertain.

"The loss of hearing and the perforation of the drum is due to infection of the middle ear.

"It is impossible to state whether this is due to disease or injury.

"W. P. Lipscomb, M. D.

"Filed Dec. 14, 1920.

"State Industrial Commission."

The petitioners complain of the action of the commission in making said award, and allege that the order and decision of said commission is erroneous and illegal in that the award is not supported by any evidence and is contrary to law.

At the threshold of this inquiry, we are confronted with the proposition that by the provisions of section 10 of the Workmen's Compensation Law (chapter 14, Session Laws 1919), the decision of the State Industrial Commission is made final as to all questions of fact. Mullins v. Mitchell, 81 Okla. 201, 197 Pac. 171; Board of Com'rs of Cleveland County v. Barr et al., 68 Oklahoma, 173 Pac. 206; Choctaw Portland Cement Co. v. Lamb et al., 79 Okla. 109, 189 Pac. 750; Stephenson v. State Industrial Commission et al., 79 Okla. 228, 192 Pac. 580; Raulerson v. State Industrial Commission et al., 76 Okla. 8, 183 Pac. 880. But we conclude that, although the decision of the commission is final on questions of fact, it can only be so when there is some evidence to support such finding, and where such finding and decision are absolutely unsupported by the evidence, they may be reviewed as a matter of law, and in this we are supported by the following authorities: Rayner v. Sligh Furniture Co. (Mich.) 146 N. W. 665; In re Herrick et al. (Mass.) 104 N. E. 432; Sexton v. Newark District Telegraph Co. (N. J.) 86 Atl. 451; Western Indemnity Co. v. Pillsbury (Cal.) 151 Pac. 398.

It is the universal rule that the burden of proof is on the claimant to show by the evidence that the injury complained of was caused by an accidental injury arising out of and in the course of his employment. John A. Roebling's Sons Co. et al. v. Industrial Accident Commission (Cal.) 171 Pac. 987; Bradley Mfg. Wks. v. Ind. Board of Ill. (Ill.) 119 N. E. 615; In re Murphy (Mass.) 119 N. E. 657; Tackles v. Bryant & Detwurler Co. (Mich.) 167 N. W. 36; In re Sanderson's Case (Mass.) 113 N. E. 355; Chaudier v Stearns & Culver Lumber Co. (Mich.) 5 A. L. R. 1673. Tested by this rule, has the claimant made out a case?

The only evidence introduced to show that the injury arose out of and in course of his employment is the report of the physician above set out, and in this report he says: "It is impossible to state whether

this is due to disease or injury." There was no other evidence offered tending to show that the disability complained of. viz., deafness and infection of the middle ear, was caused by an injury. In fact, there was no evidence offered to show any injury. The claimant did not testify at the hearing, and if he actually sustained the injury, he could have so testified. Another significant feature is that in attending physician's report filed with the commission on November 16, 1920, Doctor Edward F. Davis says: "The appearance indicates that a chronic middle ear disease, but patient declared that there had been no such trouble previously. The symptoms complained of seemed to be out of the usual ratio to the objective findings." The commission made no reference to this statement, and apparently disregarded it, but it appears in the record and indicates that this physician did not want to be understood as saying that the deafness complained of was due to an injury.

Clearly, the claimant has failed to sustain the burden cast upon him by proving that the deafness complained of was caused by an injury arising out of and in the course of his employment, and the award, not being supported by any evidence, should be vacated.

The petitioners complain of the amount of the award, but in view of the conclusion reached, it becomes unnecessary to pass upon this question.

The award of the State Industrial Commission is reversed and vacated, and the cause remanded for further proceedings not inconsistent with this opinion.

HARRISON, C. J., and PITCHFORD, JOHNSON, McNEILL, ELTING, and KENNAMER, JJ., concur.