## STALEY-PATRICK DRILLING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 11822—Opinion Filed Feb. 20, 1923.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—"Permanent Partial Disability"—Injuries to Eye.**

The last paragraph of subdivision 3, section 7290, Compiled Statutes 1921, providing for compensation for permanent partial disability, permits the Industrial Commission to make an award for the partial loss of vision of one eye where the proof shows that by reason of the partial loss of sight the claimant was unable to earn wages, or full wages, at the work at which he was employed at the time of the accident.

2. **Same—Finality of Industrial Commission's Decision on Facts.**

The decision of the Industrial Commission as to all matters of fact is final, if there is any evidence whatever tending to support it.

3. **Same—Partial Loss of Sight—Amount of Award.**

Where the Industrial Commission finds that the partial loss of sight amounts to a permanent partial disability under the provisions of the last paragraph of subdivision 3, section 7290, Compiled Statutes 1921, an award may be made therefor for fifty per centum of the difference between his average weekly wages at the time of the injury and his wage-earning capacity thereafter for a period not to exceed 300 weeks.

Error from the Industrial Commission.

Action by the Staley-Patrick Drilling Company and the United States Fidelity & Guaranty Company to review award of workman's compensation to John C. Welch. Affirmed.

Ross & Thurman, for petitioners.

George F. Short, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for respondents.

COCHRAN, J. Petitioners ask a review of the award made by the Industrial Commission to the respondent, John C. Welch,

for the partial loss of the use of an eye.

The first contention of the petitioners is that the Workmen's Compensation Law does not entitle a person to recover any compensation for the partial loss of vision, and they rely on the decision of this court in Rosso v. Milby & Dow Coal Company, 1 Ind. Com. Rep. (Okla.) 208. That case is not decisive of the question involved here, as the holding there was that the claimant, having lost from one-half to three-fourths of his vision, was not entitled to compensation for the loss of an eye; but the court did not hold that the partial loss of vision was not a permanent partial disability so as to entitle the claimant to compensation under the proper subdivision of the statute. Under section 7290, Comp. Stat. 1921, a schedule of compensation is provided whereby the amount of compensation for permanent partial disability because of the loss of an eye is fixed, but under the last paragraph of subdivision 3 of section 7290, which deals with permanent partial disability, the statute provides as follows:

"In all other cases in this class of disability the compensation shall be fifty per centum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability; not to exceed three hundred weeks. * * *"

While the loss of an eye is by the terms of the statute made such a permanent partial disability as to entitle claimant to recover without other proof of disability, a partial loss of sight in an eye must be proved to be such a permanent partial disability as to bring it within the provisions of the last paragraph above quoted. In a case of that kind it would be necessary to make proof showing that the partial loss of vision amounted to a disability, and if it appeared from the proof offered that by reason of the injury sustained resulting in partial loss of vision the claimant was unable to earn wages or full wages, as the case might be, at the work at which he was employed at the time of the accident, such injury would constitute a disability. The Industrial Commission made its finding on that question, which was:

"That by reason of such injury, the claimant sustained a total temporary disability for a period of ten weeks from the date of the injury; that since said time claimant has been able to work and has returned to work, but that the injury which he sustained in one of his eyes has left him with defective vision and in consequence thereof his earning capacity has been reduced from $8.00 per day to $5.00 per day."

We are of the opinion that the finding of the commission brings this case within the provisions of the last paragraph of subdivision 3, section 7290, Compiled Statutes 1921, and claimant was entitled to compensation.

It is next contended that the claimant is not disabled to such an extent as to prevent him from engaging in the same work in which he was engaged at the time of the injury and to earn the same wages; that he refuses to engage in the same work on account of the dangerous nature thereof, and that it is not disability, but fear, which prevents him from engaging in that same work at the same pay. This was a question of fact to be determined by the Industrial Commission and was determined against the contention of the petitioners. It is well settled that the decision of the commission as to all matters of fact is final if there is any evidence whatever tending to support it. We have examined the record, and find that there is sufficient evidence in the record to support the finding of the commission on this question.

The next contention is that under the award made by the commission the claimant received compensation for 300 weeks for a partial loss of vision in one eye, whereas if he had lost the entire sight in this eye he would have received compensation for only 100 weeks, and petitioners argue that the most that claimant should be entitled to receive would be compensation for 100 weeks. It is sufficient answer to this contention to say that the amount of compensation had been fixed by the Legislature, and the Industrial Commission has no authority to apply any schedule of compensation except that provided for in the statute, and the section of the statute which we have held to be applicable to this class of injury provides for the claimant to receive 50 per centum of the difference between his average weekly wages and his wage-earning capacity thereafter for a period not to exceed 300 weeks, and we are of the opinion that the commission followed this provision of the statute in making the award. The provision of the statute is not subject to the unreasonable construction given it by petitioners, because the compensation allowed for 100 weeks for the total loss of an eye is 50 per centum of the average weekly wages which the claimant was receiving at the time of the injury without regard to his earning capacity thereafter; but under the section which applies to a partial loss of vision the amount of compensation which can be allowed for the 300 weeks is only

50 per centum of the difference between the average weekly wages at the time of the injury and the claimant's wage-earning capacity thereafter.

The award should be affirmed, and it is so ordered.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.