## HUTTIG LEAD & ZINC CO. et al. v. BROWN et al.

No. 14026—Opinion Filed June 12, 1923.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—Finality of Decision on Facts.**

Under the provisions of section 10, art. 2, Session Laws 1915 (Workmen's Compensation Law), the decision of the Industrial Commission is final as to all matters of fact; but if there is not sufficient evidence tending to support such finding and decision, the same may be reviewed as a matter of law.

2. **Same—"Permanent Partial Disability"—Partial Loss of Eyesight.**

The last paragraph of subdivision 3, sec. 7290, Comp. Stats. 1921, providing for compensation for permanent partial disability, is the applicable statute under which an award should be made by the Industrial Commission for an injury resulting in the partial loss of vision of an eye.

Error from Industrial Commission.

Action by the Huttig Lead & Zinc Company and Consolidated Underwriters to review award of workman's compensation to James Brown. Reversed, and remanded, with directions.

J. D. Lydick, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

COCHRAN, J. This proceeding was instituted to review an award made by the State Industrial Commission to James Brown. On December 24, 1921, Brown, while in the employ of the Huttig Lead & Zinc Company, was injured by a spike flying against his face and eye. The claimant filed with the State Industrial Commission notice of injury and claim for compensation, and, thereafter, the Huttig Lead & Zinc Company made a settlement with the claimant by paying $8.35 as compensation for five days of disability. Thereafter claimant filed his motion to review the award, and upon proper notice, the matter coming on for hearing, the following agreement was entered into:

"And it was agreed by all parties that a medical examination should be made by Dr. E. Powers and that all of the reports of physicians in said cause, from that had a few days after the injury, up to the present time, be admitted in evidence as part of the record upon which said award, determining extent of disability of said claimant, should be based."

Thereafter reports of three physicians were filed. No other testimony was introduced, and the claimant himself did not testify. On November 28, 1922, the commission made an award of $10.10 per week for 100 weeks for the loss of the left eye. The reports filed by the several physicians show that the claimant at the time of the examinations made by them had only 20% vision in the left eye, but the petitioner contends that there is no evidence in the record from which it can be determined that the defective condition of the eye was in any manner attributable to the injury received by the claimant while he was employed by the petitioner. We think this contention is well taken, because none of the physicians had made an examination of the claimant prior to the injury and none of them knew or claimed to know the condition of this eye at that time. Neither did the testimony of either of these physicians tend to show that the defective vision was attributable to the injury. Dr. Thompson testified that the cornea, lens, media, and nerve were apparently normal in appearance; that there was no abnormal appearance or scar of injury of the eye; and that the defective vision was the result of hyperopia with nerve atrophy from nonuse.

Dr. Shelton testified that the media were clear, affording an uninterrupted view of the interior of the eyes, showing the eye grounds normal; that by retinoscopy he found hypermetropia; right eye plus. 50D. left eye plus 6.00 D. eph.; that hypermetropia (for sight) is a condition where the eye is short in the antero- posterior diameter and congenital, having no relation to injury. He further testified that for want of use the function of the retina had not developed; that there was no injury or effect of injury present to in any way interfere with the normal function of either eye.

Dr. Powers testified that so far as he could determine there was no injury to the retina, choroid or disc; that he has slight perception and projection in his eye, but is unable to distinguish objects distinctly. Dr. Powers states further:

"While I have no record of his vision previous to the injury, he states that he could see as good out of the left eye prior to this, as the right."

This statement, contained in the report of Dr. Powers, is the only evidence as to the previous condition of the eye, and it being purely hearsay, cannot be considered as being any evidence on that question.

In Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862, a very similar state of fact was presented to the court, and in passing on the sufficiency of this evidence to sustain the award of the commission, the court said:

"The only evidence introduced to show that the injury arose out of and in course of his employment is the report of the physician above set out, and in this report he says: 'It is impossible to state whether this is due to disease or injury.' There was no other evidence offered tending to show that the disability complained of, viz., deafness and infection of the middle ear, was caused by an injury. In fact, there was no evidence offered to show any injury. The claimant did not testify at the hearing, and if he actually sustained the injury, he could have so testified."

So, in the case at bar, none of the physicians attempt to connect the defective condition of the eye with the injury sustained by the claimant. If this defective condition did not exist prior to the injury, claimant certainly could have taken the stand and established that fact by his own testimony, but this he did not do. In this condition of the record, there is no evidence to support the award, and where there is absolutely no evidence to support the finding of the commission, such finding may be reviewed as

a matter of law and the award based thereon reversed.

The petitioner further contends that the commission was not authorized to make an allowance for the loss of an eye when the undisputed testimony showed that there was only partial loss of sight in the eye, and that claimant is entitled to recover for partial loss of eyesight, only under the provisions of the law authorizing compensation for reduced earning capacity. This court has held that the last paragraph of subdivision 3, sec. 7290, Comp. Stats. 1921, providing for compensation for permanent partial disability, is the applicable statute governing an award for partial loss of vision of an eye. Staley-Patrick Drilling Co. v. State Industrial Commission, 88 Okla. 260, 212 Pac. 1006.

The award of the Industrial Commission is reversed, and cause remanded, with directions that further proceedings be had in accordance with the views herein expressed.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.