## UNDERWRITERS LAND CO. et al. v. WILLIS et al.

No. 14025—Opinion Filed Sept. 18, 1923.

(Syllabus).

1. Master and Servant—Workmen's Compensation Law—Finality of Findings of Fact—Failure of Evidence.

By the provisions of section 10 of the Workmen's Compensation Law (sec. 7294, Comp. Stat. 1921), the decision of the State Industrial Commission is made final as to all questions of fact; but this is so only where there is evidence to support such decision. Where there is no evidence to support such finding and decision, the same may be reviewed as a matter of law.

## 2. Same—Finding of "Loss of Eye"—Lack of Evidence.

Where all the evidence introduced at a hearing before the State Industrial Commission shows that the claimant suffered an injury which resulted only in the partial loss of vision of one eye, a finding that the claimant suffered the loss of an eye is without evidence to support it.

## 3. Same—Award for Partial Loss of Vision in One Eye.

Where the injury complained of resulted in the partial loss of vision in one eye, the award of compensation should be made under the last paragraph of the third subdivision of section 7290, Comp. Stat. 1921,

Original Proceeding to Vacate an Award of the State Industrial Commission.

Petition filed by `Underwriters Land Company and Consolidated Underwriters against State Industrial Commission and Fred Willis, to vacate award of workman's compensation to Willis. Reversed and remanded.

Lydick & Wilson and Con Murphy, for petitioners.

George F. Short, Atty. Gen., and Kathryn VanLeuven, Asst. Atty. Gen., for respondents.

NICHOLSON, J. This is a proceeding instituted by the Underwriters Land Company and Consolidated Underwriters to review an award of the State Industrial Commission by which Fred Willis was awarded compensation for an accidental injury sustained by him.

The record discloses that on February 10, 1920, while in the employ of the Underwriters Land Company, Fred Willis was injured by a small piece of stone chipped from a boulder striking him in the eye; on June 7, 1920, after a hearing had, the State Industrial Commission awarded him compensation at the rate of $11.54 per week from February 10, 1920, until the termination of the disability; thereafter there was filed with the commission an agreement between the Underwriters Land Company and Willis, by the terms of which Willis accepted the sum of $32.43 in settlement of his claim for compensation; on June 25, 1920, the commission vacated the award made by it on June 7, 1920, and approved the settlement between the parties.

On June 9, 1922, there was filed with the commission a purported motion to reopen the cause and grant further compensation. After proper notices given, a hearing was had thereon, on November 15, 1922, at which hearing no oral testimony was taken, but the case was by agreement of the parties submitted on the written reports of Doctors G. Pinnell and Everett Powers; these reports reading as follows:

"T. H. Mastin & Co.,

"Mr. Joseph Staiger, Adjuster,

"Miami, Okla.

"Dear Mr. Staiger:

"On the 11th day of this month Mr. Fred Willis who gives history of having been injured in December of last year at the Underwriter Lead & Zinc Company, appeared at my office for examination.

"I find the right eye to be normal with 100 per cent. vision. The left eye presents evidence of an injury located in the center of the cornea, and as a result there is scarry tissue which necessarily interferes with his central vision in this eye. The wound is entirely healed and he will probably never have more vision than he has at this time. It is difficult to arrive at a conclusion as to the exact amount of vision in this eye. He admits about 25 per cent. of the normal, which is probably very nearly correct. It is quite difficult to measure the exact vision of a patient unless you have co-operation, and an error of 10 or 15 per cent. might be easily made, but I take it that he at least has the vision he admits.

"Yours very truly,

"(Signed) G. Pinnell."

"T. H. Mastin & Co.,

"Miami, Okla.

"Dear Sir:

"As requested by you, have examined the left eye of Mr. Fred Willis, which was injured, according to his statement, two or three years ago.

"He has a T. shaped corneal scar with fine deposits of rock remaining in the scar tissue. The bottom of the scar extends past center of the cornea and involves some of the deeper layers. Aside from cornea, media are clear and fundus uninjured, his fields of vision are good. Direct vision is 5-100 for distance. With a corrected lens can see 36 inch cap type, at 13 inches. As to the per cent. of vision would estimate that he had 35 per cent. remaining in this eye. Vision on the other eye is 20-20 using Snellen T. T.

"Yours very truly,

"(Signed) Everett Powers, M. D."

Upon this evidence alone, the commission on the 28th day of November, 1922, made an order in which it found that Willis, while in the employ of the Underwriters Land Company, and on the 10th day of February, 1920, in the course of his em-

ployment, received an accidental injury, as a result of which he suffered the loss of his left eye, and awarded him compensation at the rate of $11.54 per week for a period of 100 weeks, together with all medical expenses incurred by him, and it is this award of which the petitioners complain.

Numerous assignments of error are made, but it will only be necessary to consider the first, which is that there was no evidence before the State Industrial Commission to support the finding that as a result of said accident the claimant suffered the loss of his eye.

The only evidence upon which the award was based consists of the reports of the two physicians above set out, and according to these reports the vision of the injured eye is from 25 to 35 per cent. of normal, and relying solely upon this evidence, the commission found that the claimant suffered the loss of the eye. While by the provisions of section 10 of the Workmen's Compensation Law (sec. 7294, Comp. Stat. 1921), the decision of the State Industrial Commission is made final as to all questions of fact, this is so only where there is evidence to support such decision, and where there is no evidence to support such finding and decision, the same may be reviewed as a matter of law. Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73, 200 Pac. 862; Huttig Lead & Zinc Co. v. Brown, 90 Okla. 80, 215 Pac. 1056.

There being no evidence in the record showing that the claimant suffered a loss of the eye or a permanent loss of the use of the eye, which must be considered as equivalent to a loss thereof, but all the evidence showing that the vision of the injured eye is from 25 per cent. to 35 per cent. of normal, the finding complained of is without evidence to support it.

In our opinion, the facts in this case bring it squarely within the rule announced in Staley-Patrick Drilling Co. v. State Industrial Commission, 88 Okla. 260, 212 Pac. 1006, and Huttig Lead & Zinc Co. v. Brown, supra, wherein it was held that the last paragraph of subdivision 3, sec. 7290, Comp. Stat. 1921, was the applicable statute under which an award should be made for an injury resulting in the partial loss of the vision of an eye. The compensation awarded the claimant should have been 50 per centum of the difference between his average weekly wages and his wage-earning capacity after the injury in the same employ-

ment or otherwise, payable during the continuance of such partial disability, not to exceed 300 weeks.

For the reasons stated, the award is reversed, and the cause remanded for further proceedings consistent herewith.

All the Justices concur, except McNEILL. J., not participating.