## COSMOS MINING CO. et al. v. STATE INDUSTRIAL COM. et al.

No. 15012—Opinion Filed April 15, 1924.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Review of Award—Failure of Evidence.**

In a proceeding for the award of compensation under the Workmen's Compensation Act, the burden of proof is on the claimant to prove that the injury complained of was caused by an accidental injury arising out of and in the course of the employment, and where there is no evidence reasonably supporting the finding of the Industrial Commission that such injury was caused by an accident sustained by claimant, arising out of and in the course of the employment, the award is contrary to law and will be reversed by this court.

**2. Same—Basis of Compensation—Disability to Work.**

The indemnity provided by the Workmen's Compensation Act is not for physical impairment, as such, but provides a compensation for disability to work, based upon certain schedules contained in the statute, except where the statute specifically provides for recovery for physical disfigurement.

**3. Same—Duration of Award for Temporary Total Disability.**

Subdivision 2, sec. 7290, Comp. Stat. 1921, affords the proper measure of an award for a temporary total disability, and this award continues during the period of the total disability, but not to exceed 300 weeks; but after the total disability has ceased, which is to be determined by the ability of the claimant to work at some remunera-

tive occupation, the claimant is no longer entitled to an award under subdivision 2, sec. 7290.

#### 4. Same—Subsequent Partial Disability—Award.

After claimant's temporary total disability has ceased to exist, he may still suffer a permanent partial disability, or a temporary partial disability. If it is a permanent partial disability, and does not come under any of the classes specifically named in subdivision 3, sec. 7290, Comp. Stat. 1921, the claimant is entitled to an award under the last paragraph of subdivision 3, sec. 7290. If an award is made under some provision of the statute, it should be for 50 per centum of the difference between claimant's average weekly wage and his wage earning capacity thereafter, in the same employment, or in some other employment.

#### 5. Same.

If an award is made under subdivision 4, sec. 7290, it should be for 50 per centum of the difference between his average weekly wage and his wage earning capacity thereafter in the same employment, or in some other employment.

Error from State Industrial Commission.

From an award of compensation to Press Hulette, the Cosmos Mining Company and another bring action to review order. Reversed, with directions.

Burford, Miley, Hoffman & Burford, for appellants.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondent.

COCHRAN, J. Press Hulette, while an employe of the Cosmos Mine, was injured by a boulder striking him in the small of the back. The claimant filed his first notice of injury on November 9, 1922, and without any order having been entered by the Industrial Commission, the employer and insurance carrier started payment of compensation on December 1, 1922, at the rate of $11.54 per week upon an average wage of $4 per day. On December 15, 1922, the employer and insurance carrier gave notice that the defendant's temporary total disability had been removed and asked for a hearing thereon. A hearing was had by the Industrial Commission on April 12, 1923, and on June 8, 1923, the commission entered an order overruling the motion of the employer and insurance carrier, and finding that the claimant was receiving $6.18 per day and was entitled to $17.74 per week from the date of injury to continue until termination of the disability. On June 29, 1923, the employer and insurance carrier moved the Industrial Commission to set aside this order, and on August 17, 1923, the order was vacated and the case set for rehearing. On rehearing on December 3, 1923, the commission entered an order overruling the motion of the employer and insurance carrier to set aside the award, and further found that the claimant at the time of the injury was earning an average daily wage of $6.18, and that the claimant had received compensation at the rate of $14.43 from the 29th day of October, 1922, to December 15, 1922, and ordered that the employed and the insurance carrier pay the claimant the difference between the amount paid to December 15, 1922, at $14.43, and the amount which the commission found he was entitled to at the rate of $17.74 per week, and directed that the sum of $17.74 from December 15, 1922, should be paid until the termination of the disability. The employer and the insurance carrier filed a petition seeking to have the award of the Industrial Commission reviewed.

The respondent challenges the sufficiency of the evidence to sustain any award. The claimant was employed by the Cosmos Mining Company, and while so employed received an injury, for which he was entitled to compensation. The employer and insurance carrier considered the injury as one resulting in temporary total disability, and for which the claimant was entitled to compensation under subdivision 2, sec. 7290, Comp. Stat. 1921, of 50 per centum of the average weekly wage of the employe during the continuance of the temporary total disability, not to exceed 300 weeks, and that the temporary total disability continued for a period of not to exceed 17 weeks, for which he received compensation. The evidence discloses that the disability complained of by the claimant, at the time of the hearing, was his inability to work at shoveling coal, as he had previously been employed; and the evidence further discloses that this inability was due to the fact that the claimant was afflicted with hemorrhoids. The testimony of the physicians and the other witnesses in the case failed in any manner to connect the existence of the hemorrhoids with the injury sustained by the complainant while employed by the Cosmos Mining Company.

The burden of proof is on the claimant to prove that the injury complained of was caused by an accidental injury arising out of and in the course of the employment, and where there is no evidence reasonably supporting the finding of the Industrial Commission that the injury complained of was caused by an accident sustained by the claimant arising out of and in the course of the employment, the award is contrary to law and will be reversed by this court. Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 Pac.

862; Hogan v. Industrial Commission, 86 Okla. 161, 207 Pac. 303; Huttig Lead & Zinc Co. v. Brown, 90 Okla. 80, 215 Pac. 1056.

It is our opinion that there is no evidence in this case connecting the injuries complained of with the injury received by the claimant while employed by the respondent.

As this case will probably be again heard by the Industrial Commission, we will dispose of the other two questions presented by the petition of the respondent.

It is contended that even though the testimony should disclose that the injury now complained of was the result of the injuries received by the claimant, while employed by the respondent, and in the course of his employment, and that the same is of a permanent character, the award of the Industrial Commission should be made under the last paragraph, subd. 3, sec. 7290, Comp. Stat. 1921; or if the injury has resulted in a temporary partial disability, the award should be made under subdivision 4, sec. 7290. The indemnity provided by the Workmen's Compensation Act is not for physical impairment, as such, but provides a compensation for disability to work, based upon certain schedules contained in the statute, except where the statute specifically provides for recovery for physical disfigurement. Subdivision 3, sec. 7290, supra, affords the proper measure of an award for a temporary total disability which continues during the period of temporary total disability. After the total disability has ceased, which is to be determined by the ability of the claimant to work, the claimant is no longer entitled to an award under subdivision 2, sec. 7290. If the injury was such as to cause a temporary disability, the right to compensation would cease when the claimant was able to again work at some remunerative occupation. If the injury was such as to result in a permanent partial disability, the award should have been made under subdivision 3, sec. 7290, supra, which provides:

"In all other cases in this class of disability the compensation shall be 50 per centum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application of any party in interest."

If the injury was such as to result in temporary partial disability, the award should have been made under subdivision 4, sec. 7290.

The evidence disclosed that the average daily wage of the claimant should have been fixed at $4.25, and at the time of the hearing he was earning $3.75 per day, and the award, if any, should have been based on 50 per centum of the difference between the average weekly wages at the time of the injury and the wage which he was capable of earning thereafter for a period not to exceed 300 weeks, and the wage earning capacity after the injury is to be determined by the amount which the claimant was capable of earning either in the same employment or in some other employment. In the instant case the commission made an award of 50 per centum of what it determined to be the average weekly earning of the claimant at the time of the injury, without deducting anything by reason of the wage earning capacity of the claimant in the work which he was performing, and was capable of performing, at the time of the hearing.

It is further contended that there was no evidence supporting the finding of the commission that the average wage should be determined at the rate of $6.18. The only testimony tending to support this finding was the testimony that the claimant had been employed for a period of four days prior to the injury, and earned $6.18 per day during that period. The testimony of the respondent showed that the average daily wage of the employes of the same class working substantially the whole of the year immediately preceding the injury in the same employment was $4.25 per day. Section 7289, Comp. Stat. 1921, provides the method for computing the compensation under the Workmen's Compensation Act. Subdivision 1 provides:

"If the injured employe shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of 300 times the average daily wages or salary which he shall have earned in such employment during the days when so employed."

Subdivision 2 provides:

"If the injured employe shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of 300 times the average daily wage or salary which an employe of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring

place shall have earned in such employment during the days when so employed."

As the claimant had not worked for the respondent during substantially the whole of the year immediately preceding the injury, the compensation should be determined under subdivision 2, and the evidence of the amount which the claimant earned for the four days in the work in which he was employed by the respondent was not competent for any purpose. The only competent evidence from which the amount of the award could be determined was the average daily wage of persons similarly employed during substantially the whole of the preceding year, which was $4.25 per day.

For the reasons stated, the award of the Industrial Commission is reversed, and the cause remanded, with directions to proceed further in accordance with the views herein expressed.

JOHNSON, C. J., and McNEILL, NICHOLSON, HARRISON, and WARREN, JJ., concur.