## WILLIAMS LUMBER CO. et al. v. WILLIAMS et al.

No. 14944—Opinion Filed Nov. 25, 1924.

### Master and Servant — Workmen's Compensation Law—"Employe"—Award.

Where the testimony of claimant before the Industrial Commission shows that his relation to an employing partnership is that of a creditor and employe, such testimony is sufficient to sustain an award of compensation for accidental injury, as against contrary inferences to be drawn from the fact that his father and two of his brothers were members of the partnership, in the absence of substantial evidence tending to

show that he was a member of the partnership.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original proceeding by Williams Lumber Company and U. S. Casualty Company, as petitioners, against C. R. Williams and State Industrial Commission, respondents, to have reviewed the action of the State Industrial Commission in entering its order on November 13, 1923, in favor of respondent C R. Williams for compensation for accidental injury. Affirmed.

The findings of fact made by the Industrial Commission, and upon which the order now complained of is based, read as follows:

"First. That C. R. Williams was an employe of the Williams Lumber Co. on July 27, 1922; was engaged in a hazardous occupation within the meaning of the statute, and that while in the employ of said respondent and in the course of his employment, the claimant received an accidental injury on the 27th day of July, 1922.

"Second. That as a result of said injury the claimant suffered the loss of his left foot below the knee.

"Third. That the claimant's average wage at the time of his injury was $12 per week."

Upon these findings of fact the Commission based its conclusion that the claimant was entitled to compensation at the rate of $8 per week for a period of 150 weeks, and entered its order in conformity therewith. To vacate this order this proceeding was commenced by U. S. Casualty Company, the insurance carrier.

Ernest J. Kubeck, for petitioners.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by LOGSDON, C. Two propositions are relied on in the brief of petitioners which are, in substance: First, that the finding of the State Industrial Commission that the claimant was an employe of the Williams Lumber Company is not sustained by the evidence; second that such finding is contrary to the law as contained in the Workmen's Compensation statutes of the state.

It appears from the transcript in this case that sometime in the year 1919 L. E. Williams, an older brother of the claimant, wanted to purchase and operate certain sawmill properties. It seems that he had about $600 and that his father, C. L. Williams, another brother, H. R. Williams, and a man named Beal each put in $600 toward the purchase of the property, and L. E. Williams became the manager thereof. It also appears that the claimant, C. R. Williams, put $700 of his money into this business, and worked thereafter as a regular hand about the sawmill. It is the contention of the insurance carrier that C. R. Williams was a member of the partnership and not an employe, and that the finding of the Commission that he was an employe is not sustained by the evidence. As to the interest which claimant had in the business his testimony upon the hearing was as follows:

"Q. Who was the owner of this mill? A. I think I have got a brother that has a share in it. And also my father and a fellow by the name of Beal. Q. Did you own any stock in it? A. No, only just deposited this money. I let them use it. Q. Was that a loan to the other members of the firm? A. That is the way I considered it. Q. Then when you drew this out was it drawn as wages? A. No, sir. Q. When you drew $2 a day? A. That was as wages"

On cross-examination he testified:

"Q. When you put your money into this mill did you expect to get your part of the profit if you made any? A. Nothing ever was said about that. I was to draw so much interest on the money I put in there. Whenever I got ready to draw my money out, when I quit the job, I would draw interest up to the date I took my money out. * * Q. How much interest did you get? A. 8 per cent. Q. Did you consider you owned that interest in the mill? A. No, sir. Only this way. I thought if the mill burned or anything like that that I could still hold my agreement to draw my money. Q. If they lost the mill you would get your money back whether they got theirs or not? A. Yes, sir."

The testimony further shows that the claimant began working immediately after the property was purchased, and that he continued to work as a common laborer around the mill until he was injured July 17 1922; that he was credited with wages at the rate of $2 per day, the same as the other laborers working about the mill, but that he had never drawn all of the wages due him even at the date of the hearing held before the Commission. So far as is disclosed by the transcript the $700 which he originally turned over to his brother to be used in the venture, together with interest accumulated thereon, remains in the business. He had no voice or control in the direction and management of the business, but this was vested solely in his older brother, L. E. Williams. It is further disclosed

by the testimony that when the compensation insurance was taken out by L. E. Williams, the claimant, C. R. Williams, was named as one of the employes whose compensation for injury was to be secured thereby. L. E. Williams, the father, C. L. Williams, and Mr. Beal were not enumerated as employes and entitled to the benefits of the compensation insurance. In the recent case of R. D. Pine et al. v. State Industrial Commission et al., 107 Okla. 40, 229 Pac. 784, this court announced in the fourth paragraph of the syllabus that:

"Upon appeal from a judgment and award of the State Industrial Commission, the Supreme Court, when the question is properly presented, will review the evidence and thereupon reverse the decision of the Industrial Commission upon questions of fact in the event same appears to be clearly contrary to the weight of the evidence."

But it cannot be said in this case that the findings of fact made by the Industrial Commission are clearly against the weight of the evidence so that the rule previously announced by this court in Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73, 200 Pac. 862, should be applied in this case. It is there said in paragraph 1 of the syllabus:

"By the provisions of section 10 of the Workmen's Compensation Law (Ch. 14, S. L. 1919) the decision of the State Industrial Commission is made final as to all questions of fact; but this is so only when there is some evidence to support such decision, and where there is absolutely no evidence to support such finding and decision the same may be reviewed as a matter of law."

Section 2, art. 1, ch. 246, Sess. Laws 1915, declares that "Compensation provided for in this act shall be payable for injuries sustained by employes," etc. Subdivision 4, sec. 3, provides:

" 'Employe,' means any person engaged in manual or mechanical work, in the employment of any person, firm or corporation carrying on a business covered by the terms of this act."

Subdivision 8 reads:

" 'Wages' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident," etc.

The words "employe" and "wages," as used in these definitions, are correlative terms, and their definitions should be considered together in determining who are embraced in section 2 of the act. Thus considered, it is readily seen that compensation shall be payable for injuries sustained (sec. 2) by "any person engaged in manual or mechanical work" (subd. 4, sec. 7284, Comp. Stat. 1921), "under contract of hiring in force at the time of the accident" (subd. 8, sec. 7284).

It seems clear from an examination of all the testimony in this case that there is not only ample evidence to support the findings of fact made by the Commission, but that the evidence preponderates in favor of those findings. This being true, such findings are conclusive. The evidence being sufficient to support the findings that the claimant was an employe engaged in hazardous employment at the time of the accidental injury, such findings are sufficient basis for the award of compensation made by the Commission.

It is, therefore, concluded that the order of the State Industrial Commission entered herein on November 13, 1923, should be in all things affirmed.

By the Court: It is so ordered.