**TRUELOVE v. STATE INDUSTRIAL COM. et al.**

No. 15880—Opinion Filed Feb. 2, 1926.

**Master and Servant—Workmen's Compensation Law—Permanent Partial Loss of Use of Finger—Failure of Evidence.**

There being no specific provision in subdivision 3, section 7290, Comp. Stat. 1921, for the permanent partial loss of the use of a finger, compensation for such loss is provided by the fourth paragraph of that subdivision, and, in such case, where there is no proof of the wage-earning capacity of the workman after the injury, compensation is not permissible.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

An original proceeding for the review of a decision of the Industrial Commission denying workman's compensation to I. L. Truelove. Affirmed.

Phil W. Davis, Jr., for petitioner.

Allen & Underwood and Wendell Johnson, for respondents.

Opinion by RAY, C. This is a proceeding

for the review of a decision of the Industrial Commission denying compensation. The claimant suffered an accidental injury arising out of and in the course of employment.

The employer and insurance carrier paid the claimant $280, the amount fixed by the statute for the loss of the first finger on the right hand. On motion of the claimant for compensation for loss of the hand, less the $280 so paid, or for the loss of the second and third fingers, the Industrial Commission made findings of fact, and on such findings concluded as a matter of law that the claimant was not entitled to compensation other than the $280 previously paid.

The findings of fact and conclusions of law necessary to be considered are:

"* * * That the testimony taken at said hearing shows that in addition to the loss of use of the first finger of the right hand, the claimant sustained as a result of said accident on the 2nd day of March, 1923, the permanent partial loss of use of the second and third fingers of the right hand; but that the testimony presented on behalf of the claimant fails to establish a definite loss of wages or loss of wage-earning capacity resulting from permanent partial loss of use of the second and third fingers of the right hand. * * *"

"The Commission is of the opinion: That the claimant, having failed to establish a loss of wage-earning capacity resulting from the permanent partial loss of use of the third and fourth fingers of the right hand, is not entitled to compensation beyond that heretofore paid by respondent and insurance carrier, and that the motion of the claimant to reopen this cause should be overruled and this cause dismissed."

The first contention made for the claimant, that he suffered a loss of the use of the hand, cannot be sustained. The claimant testified that he had been using the hand at work since the injury, and that his thumb was all right; that he was getting better wages than at the time of the injury. While there was some conflict of evidence, there was evidence that the palm was all right, and that he could use the second and third fingers to some extent.

As to the second contention, that he had suffered the permanent loss of the second and third fingers, we think the weight of the evidence was with the claimant, but there was evidence to sustain the finding of the Commission that the loss of the use of the second and third fingers was only a permanent partial loss.

The principal question for decision is whether the claimant was entitled to compensation under subdivision 3, section 7290,

Comp. Stat. 1921, for permanent partial loss of the use of the second and third fingers of the right hand, in the absence of proof of the loss of wage-earning capacity resulting from the permanent partial loss of the fingers.

Subdivision 3, section 7290, reads:

"3. Permanent Partial Disability. In case of disability partial in character but permanent in quality, the compensation shall be 50 per centum of the average weekly wages, and shall be paid to the employe for the period named in the schedule as follows:

"Thumb: For the loss of a thumb, 60 weeks.

"First Finger: For the loss of a first finger, commonly called the index finger, 35 weeks.

"Second Finger: For the loss of a second finger, 30 weeks.

"Third Finger: For the loss of a third finger, 20 weeks."

It also provides that permanent loss of the use of a finger shall be considered as the equivalent of the loss of a finger. No specific provision is made in subdivision 3 for the permanent partial loss of a finger. The last paragraph of subdivision 3 reads as follows:

"In all other cases in this class of disability the compensation shall be 50 per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise during the continuance of such partial disability; not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

Since subdivision 3 of section 7290 (which was in force at the time of the injury), provides a specific schedule of compensation for the loss of a hand or finger as permanent partial disability, and does not specifically fix the compensation to be paid for a permanent partial loss of the use of the hand or finger, which are in the class of such disability, compensation for permanent partial loss of the use of a finger is fixed by the fourth paragraph quoted above. In such case the compensation is 50 per centum of the difference between the average weekly wage and his wage-earning capacity thereafter; and in the absence of proof of the wage-earning capacity of the workman after the injury, compensation is not permissible. This view of the law is sustained by Staley-Patrick Drilling Co. v. Industrial Commission, 88 Okla. 260, 212 Pac. 100; Huttig Lead Co. v. Brown, 90

Okla. 80, 215 Pac. 1056; Underwriters Land Co. v. Willis, 95 Okla. 182, 218 Pac. 692.

The decision of the Industrial Commission denying compensation is affirmed.

By the Court: It is so ordered.

'Note.—See under (1) Workmen's Compensation Acts, C. J. p. 95 §85.