**MOUNT COOPER BOILER & IRON WORKS et al. v. VANDERGRIFF et al.**

No. 22623.   Opinion Filed Feb. 9, 1932.

Rittenhouse, Lee, Webster & Rittenhouse, for petitioners.

O. T. Huddleston, for respondents.

RILEY, J.   Petitioner herein commenced this action to review an award of the State Industrial Commission in favor of respondent A. M. Vandergriff, herein referred to as claimant.

Claimant filed his first notice of injury and claim for compensation June 2, 1923, in which he stated the date of the accidental injury as December 19, 1923, but he stated that he had quit work on account of the injury December 19, 1922.   The claim was signed and dated May 9, 1923, showing clearly that the alleged date of the injury was an error, probably typographical.   Therein he stated the nature and extent of the injury as "left ear drum bursted, left hip crushed and left wrist dislocated."   He stated therein that the injury to his ear was permanent and the other injuries temporary.

Employer's first report of injury was filed December 28, 1922, and the nature and extent of the injuries were described as: "Injury to the head—slight concussion."

First attending physician's report was filed January 1, 1923, in which the injuries were described as:

"Concussion of brain (no symptoms of fracture) contused wound left hip—abraided wound forehead (left)."

On April 16, 1923, a second attending physician's report, signed by the same physician, was filed, in which the injuries were described as:

"(1)   Brain concussion (2) severe contused wound of left hip (3) abraided wound of forehead over left eye (possibly scratches otherwise)."

January 24, 1924, the State Industrial Commission made the following order:

"Now, on this 24th day of January, 1924, this cause comes on for consideration pursuant to a hearing had at Ponca City, Okla., on January 16, 1924, before a member of the Commission, on motion of the respondent and insurance carrier to discontinue compensation as of March 10, 1923, at which hearing the claimant appeared in person and the respondent and insurance carrier were represented by E. J. Kubeck, and the Commission, having considered the testimony taken at such hearing, having examined all

records on file in this cause and being otherwise well and sufficiently advised in the premises, is of the opinion that the disability of the claimant resulting from his injury of December 19, 1922, terminated on March 10, 1923, and that the motion of the respondent and insurance carrier should be sustained.

"It is therefore ordered: That the motion of the respondent and insurance carrier to discontinue compensation as of March 10, 1923, be and it is hereby sustained."

No proceedings to review this order were had.

January 16, 1931, claimant filed what he termed a "motion to determine permanent disability and to continue compensation"; therein he set out:

"That his left ear drum was bursted and his right ear seriously injured, his left hip was crushed and his left wrist was dislocated, and that he has become permanently disabled in this, to wit:

"That he is almost deaf in his left ear and his right ear is very much affected; that his left hip was so crushed that he is unable to perform the ordinary work which he was accustomed to before, and was seriously damaged, and his left wrist is now so weak that he is unable to use it in ordinary work."

He then stated that he had been paid compensation to March 10, 1923, and that on that date the insurance carrier ceased to pay and filed motion asking to be relieved from further payment, and that said motion had been sustained January 24, 1924, and the Industrial Commission authorized "discontinuance" of compensation. He then stated:

"That since said order there has been a very material change in the condition of the said claimant and that both ears have become much worse and that he is now almost totally deaf; that his hip, so crushed, has given him a great deal of pain and has so disabled him that he is unable to get around, and that he had become permanently disabled both in his hip and in his wrist, and that he is in a much worse physical condition than he was when said order was made on the said 24th day of January, 1924. * * *

"That this Commission has never made an order making him an award for permanent total disability."

He claimed permanent total disability and asked for an order in a lump sum. Hearing was ordered on this motion, at which claimant, his half-brother, and two physicians testified in his behalf.

A careful examination of the entire record fails to disclose any competent evidence tending to show a change of condition after the order of January 24, 1924, resulting from or attributable to the original injury. The entire case of claimant was an effort to show that from the first he had been permanently injured, and that he should have been allowed compensation for permanent injury in the first instance.

After the hearing, and on June 19, 1931, the State Industrial Commission made its findings and award in which it found that claimant had received accidental injuries on December 19, 1922, and:

"That on the 24th day of January, 1924, the Commission made an order that the claimant's temporary disability ended March 10, 1923."

And found:

"That by reason of said accidental injury the claimant suffered a five per cent. permanent partial loss of the use of the left hand; 15 per cent. permanent partial loss of the use of the left leg, and about 90 per cent. permanent partial loss of hearing in the left ear."

It then entered its conclusions to the effect that under section 7290, C. O. S. 1921, as amended by S. L. 1923, the loss of a leg and the loss of a hand constitute total disability, for which compensation is payable for 500 weeks, and that under subdivision 3 thereof, percentage loss of two members is provided for, and that thereunder five per cent. permanent loss of one hand and 15 per cent. permanent loss of one leg is equivalent to 10 per cent. permanent loss of one hand and one leg. Compensation was awarded accordingly for permanent partial loss of left hand and left leg for 10 per cent. of 500 weeks, or 50 weeks, at $13.60 per week, or a total sum of $831. In addition thereto an award of $900 for loss of hearing in left ear was made.

Thereafter, on June 27th, apparently upon discovery of error in the order of June 19th, either in the amount of weekly compensation or in computing the total award made on account of permanent partial loss of hand and leg, or both, the Commission set aside its finding and award of June 19th, and entered new findings to the same general effect, except therein the Commission found that the injuries involved were received December 19, 1923, instead of December 19, 1922. The award was amended so as to reduce the weekly payments to $12.60, and the total amount to $630. The $900 award for loss of hearing in left ear was again allowed. No award in either

order was made on account of loss of hearing in the right ear.

The findings and award thus amended are erroneous in several respects. The finding that the injuries were received December 19, 1923, is wholly without evidence to support it, and is contrary to all the evidence and the record, except the erroneous statement in claimant's first notice of injury. This error is apparently an inadvertence or mere typographical error. This renders the award made for permanent partial loss of the left hand and left leg erroneous and contrary to law. It has been frequently held by this court that prior to the amendment of section 7290, supra, by chapter 61, S. L. 1923, permanent partial loss of a specific member, such as a hand or leg, was not compensable upon a percentage basis, but that compensation therefor was based upon loss of earning capacity occasioned thereby. Staley-Patrick Drilling Co. v. St. Indus. Comm., 88 Okla. 260, 212 P. 1006; Huttig Lead & Zinc Co. v. Brown, 90 Okla. 80, 215 P. 1056; Underwriters Land Co. v. Willis, 95 Okla. 186, 218 P. 692.

There is no evidence showing difference in earning capacity.

The finding "that on January 24, 1924, the Commission made an order that claimant's temporary disability ended March 10, 1923," cannot be sustained. The finding referred to was that "the disability of claimant resulting from his injury of December 19, 1922, terminated on March 10, 1923." It shows for itself that no mention was made therein of "temporary" disability.

This fixes the status of claimant as of March 10, 1923, as having recovered from any disability he had suffered as a result of the injuries received December 19, 1922. No proceedings to review this order were taken. Further compensation could thereafter be awarded only upon a showing and finding of a change of condition, and that the condition thus found to exist was attributable to and resulted in some way from the original injury. Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176.

The State Industrial Commission was without authority seven years thereafter to change the finding of the State Industrial Commission and read into the same the word "temporary."

There is no finding made by the Commission that there was a change of condition arising after the order of January 24, 1924, discontinuing compensation. Certainly there was no evidence of such change of condition

resulting from and attributable to the original injuries. There is evidence of increase in loss of hearing in left ear, but there is no evidence tending to show such loss is due to the injury. In the absence of such evidence, and without any finding of such change of condition, the order awarding additional compensation must be, and is hereby vacated and set aside.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent.