### ORTH KLEIFEKER & WALLACE et al. v. SCOTT et al.

No. 23424.  Sept. 10, 1935

Owen & Looney, Paul Lindsey, and J. Fred Swanson, for petitioners.

Mac Q. Williamson, Atty. Gen., for respondents.

BAYLESS, J. This is an original proceeding in this court by Orth Kleifeker & Wallace, hereinafter called petitioner, and its insurance carrier, United States Fidelity & Guaranty Company, to review an award of the Industrial Commission, awarding compensation to John Cotzie Scott, one of petitioner's employees, who is hereinafter called claimant.

The record discloses that claimant, while employed by petitioner, received an accidental injury on May 2, 1920, arising out of and in the course of his employment, as a result of falling or being thrown down an elevator shaft.

The Commission, on June 28, 1920, made and entered its order after a hearing upon the claim as filed by the claimant, where-by the petitioner was ordered to pay claimant compensation from May 2, 1920, at the rate of $8.65 per week. In compliance with said order, petitioner paid claimant the weekly payments until December 7, 1921, when the petitioner, by and through its insurance carrier, paid claimant $217 in an attempted lump sum settlement and took from claimant a purported release of liability. The record discloses that this attempted settlement was never approved by the Commission, and that there was never any order determining that disability had ceased.

On August 22, 1931, the claimant filed his motion praying that the Commission determine the amount of compensation to which he was entitled and the extent of his injury, alleging that he had been totally and permanently disabled from the date of the accident until the date of filing said application.

After hearing testimony on claimant's application, the Commission, on February 15, 1932, among other things, found, in substance: That claimant's temporary total disability ended on December 9, 1921, and that claimant had been fully compensated therefor under the provisions of the order of June 28, 1920; that as a result of claimant's accidental injury, he has suffered a permanent partial disability of 60 per cent. of the use of his right leg and 20 per cent. loss of the use of his right hand, and computed claimant's rate of compensation by adding together these percentages and dividing by two, and this quotient based on 500 weeks was to represent the degree of claimant's compensation, and applying this rule the Commission found that claimant was entitled to 40 per cent. of 500 weeks, or 200 weeks' compensation at the rate of $8.64 per week, or $1,728.

The petitioner complains of this award, and alleges as error, first:

"Said order is contrary to law in that there was no provision in the Workmen's Compensation Law prior to the 1923 amendment providing for compensation for permanent partial disability, on a percentage basis."

With this contention we agree. No provision is found in the Workmen's Compensation Act, as set out in C. O. S. 1921, which was the law in force at the time this claimant sustained the injury complained of, providing for the partial loss of use of a member or members, except for decreased earning power. See subsection 3, sec. 7290,

C. O. S. 1921. The provision of the law which the Commission followed in fixing claimant's disability in this case is contained in the amended act of 1923, and was not in force at the time claimant sustained the injury complained of, and consequently does not apply in this case. See Mount Cooper Boiler & Iron Works et al. v. Vandegriff et al., 155 Okla. 109, 7 P. (2d) 859. In the instant case there was no evidence offered to show any loss of earning capacity, nor was there any finding to this effect by the Commission.

Claimant admits that the Commission was in error when it applied the formula contained in section 6, ch. 61, S. L. 1923, but contends that such error does not warrant vacating the award, and in this connection says: That the testimony of physicians who testified on behalf of claimant establishes the fact that claimant was incapable of performing any labor, and therefore had suffered a complete loss of earning capacity from and after the date of the accident to the date of the order appealed from herein. The claimant did not testify at the trial of this case as to whether he had suffered a loss of earning capacity after his injury. The only testimony upon this point is the testimony of the physicians who examined him and who testified at the trial as to statements which the claimant made to them prior to the trial. These statements are not competent, independent evidence to establish this point. See Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. (2d) 907. Claimant, however, contends that when the physicians' testimony concerning his physical condition is taken into consideration, it must be apparent therefrom that the claimant was unable to work, and, therefore, suffered a complete loss of earning capacity. The physicians' testimony may be susceptible of such construction, but it is also possible that the employer may have continued paying the claimant his full wages, in which event it could not be said that the claimant suffered any loss of earning capacity during this period. The record is devoid of direct proof upon this point. All the claimant can point to is certain testimony which this court might use as the basis of speculation in claimant's favor. We cannot do this.

Petitioner in its second proposition contends that the Commission had no authority or jurisdiction to make the order (of February 15, 1932), since the order of June 28, 1920, was unappealed from and became final. The portion of the order in question reads:

"It is ordered: That * * * (petitioner) pay to the claimant compensation computed from May 2, 1930, at the rate of $8.65 per week, and continue said payments weekly until the final termination or until otherwise ordered by the Commission."

We are of the opinion that the language contained in said order clearly indicates that the Commission intended to retain jurisdiction of the cause and contemplated a further hearing to determine the extent of disability (which it was authorized to do by section 14 of art. 4, ch. 246, p. 492, S. L. 1915, in force at the time of the accident), and that the injury for which compensation was ordered was temporary and not permanent; therefore, we hold that said order was not a final order in the sense of completely disposing of the issue between the parties. In addition to the language used in the order, the Commission was aided by the stipulation of petitioner: "That compensation for temporary total disability, or so-called healing period which ended and had been paid as of December 7, 1921"; and the supplemental report of injury filed by petitioners subsequent to the attempted release of liability and lump sum settlement of December 7, 1921, which recites:

"He (claimant) is not fully recovered but understand he can now walk without crutches."

Petitioner next contends that the Commission erred in only giving credit for $217 instead of $917 paid under the order of June 28, 1920. The facts in this connection are: That petitioner paid $700 in compensation, doctor bills, and expenses pursuant to said order up to December 7, 1921, the date upon which petitioner paid claimant $217 for a release of liability, and as an attempted lump sum settlement. Since we have determined that the order of June 28, 1920, was for temporary disability, we now hold that petitioner is not entitled to credit for the $700 paid claimant for temporary disability, but is entitled to credit for the $217 paid as an attempted lump sum settlement and release of liability. See Simpson-Fell Oil Co. et al. v. Tucker et al., 158 Okla. 45, 12 P. (2d) 529.

For the reasons above stated, the award is vacated and the cause remanded to the Industrial Commission, with directions to compute claimant's compensation according to the provisions of section 7290, C. O. S. 1921.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and CORN, JJ., concur.