## WHITEHEAD COAL MINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12347—Opinion Filed Feb. 14, 1922.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation — Motion to Discontinue — Refusal.**

Where an employe has been injured in the course of his employment and is granted an award by the State Industrial Commission under the Workmen's Compensation Act, it is not error for the State Industrial Commission to overrule a motion to discontinue such compensation when it appears from the evidence that the disability has not finally terminated.

2. **Same—Evidence.**

The evidence examined, and held, that it supports the order of the State Industrial Commission.

Action to review order of the State Industrial Commission overruling a motion to discontinue the compensation awarded to Lee Williams; the movants, Whitehead Coal Mining Company and Consolidated Underwriters, bringing the action. Affirmed.

Simpson, Hummer & Foster and Breck Moss, for petitioners.

R. E. Wood, Asst. Atty. Gen., for respondents.

MILLER, J. This is an appeal from an order of the State Industrial Commission made on the 5th day of May, 1921, overruling the motion of the Whitehead Coal Mining Company, a corporation, and Consolidated Underwriters to discontinue the compensation allowed to Lee Williams. The Whitehead Coal Mining Company, a corporation, and Consolidated Underwriters have appealed from the order of the State Industrial Commission overruling their motion and appear here as petitioners.

Lee Williams operated a cutting machine in the coal mine of the Whitehead Coal Mining Company. On the 22nd day of June, 1920, while in the employ of said coal mining company, in the course of his employment he was injured by some rock falling upon him which rendered him unconscious for several hours. The most apparent injury was to his hand. He was awarded compensation at the rate of $18 per week to be computed from the 22nd day of June, 1920, the date of the injury, and continue said weekly payments until the final termination of the disability or until otherwise ordered by the commission.

In October, 1920, the petitioners in this court filed a motion with the State Indus-

trial Commission to discontinue said payments. Thereafter a hearing was had, testimony taken, and on the 5th day of May, 1921, the State Industrial Commission made its order, which in part reads as follows:

"That the claimant's disability had not terminated due to the injury that he received on the 22nd day of June, 1920, while in the employ of the Whitehead Coal & Mining Company. The commission further finds:

"That the motion to discontinue compensation should be overruled.

"It Is Therefore Ordered: That the motion of the respondent and insurance carrier to discontinue compensation be overruled and the award heretofore made on the 9th day of August, 1920, recorded in journal 42, page 268, be and the same shall remain in full force and effect."

The petitioners contend that the order of the commission continuing the compensation of the respondent is not based upon any evidence, and that the commission has no power to make a finding without competent evidence.

We have examined the record in this case, and the record fails to show that Lee Williams has ever fully recovered from the injury he received in the course of his employment on the 22nd day of June, 1920. It is admitted that· he was injured, and until the disability caused by such injury terminates, the State Industrial Commission has no authority to discontinue the compensation except by the lapse of time provided for in the statute according to the particular disability.

The order of the State Industrial Commission overruling the motion of petitioners to discontinue the compensation is fully sustained by the evidence, and is hereby affirmed.

PITCHFORD, V. C. J., and McNEILL, ELTING, KENNAMER, and NICHOLSON, JJ., concur.