## HAZELTON et al. v. BAKER et al.

No. 15831—Opinion Filed Sept. 29, 1925.

1. Master and Servant—Workmen's Compensation Law—"Continuing Total Disability"—Injuries to But One Eye.

Under section 7290, C. O. S. 1921, as amended by chapter 61, Session Laws of 1923, the Industrial Commission is without authority to allow compensation for continuing total disability of an injured employe where the only injury which such employe could have sustained under any view of the evidence was to the left eye; there having been no other injury or disability and the continuing total disability is alleged to have been caused solely by an injury to a specific member of the employe's body.

2. Same—Improper Award—Reversal for New Trial.

Where, in a hearing before the Industrial Commission, the evidence, as to whether or not the claimant suffered any injury arising out of and in the course of his employ-

ment, is conflicting, and where the employer and insurance carrier had no notice of such hearing, as required by rule 29 of the Industrial Commission, and had no opportunity to present their testimony, and there is no evidence to support an award for total disability, an award of the commission entered some months thereafter, based entirely on the testimony of witnesses for the claimant produced at such hearing, allowing claimant compensation for continuing total disability will be set aside, and the cause remanded, with directions to order a retrial for the purpose of determining whether or not the claimant is entitled to an award for any accidental injury arising out of and in the course of his employment.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from State Industrial Commission.

Application by I. L. Baker, for an award under the Workmen's Compensation Act against Hazelton Coal Company, as employer, and Associated Employers' Reciprocal, insurance carrier. From an award by the Industrial Commission, the employer and insurance carrier bring action to reverse. Award vacated and the cause remanded to the Industrial Commission for a retrial.

Burford, Miley, Hoffman & Burford, for petitioners.

George F. Short, Atty. Gen., and Baxter Taylor, for respondent.

Opinion by FOSTER, C. This is a proceeding to review an award made by the Industrial Commission of the state of Oklahoma. The proceeding before the Industrial Commission was on behalf of I. L. Baker, as claimant, against Hazelton Coal Company, as respondent, and Associated Employers' Reciprocal, as insurance carrier, to recover compensation for alleged accidental injury sustained by claimant on January 19, 1924, resulting from being struck in the left eye with a small piece of coal while claimant was engaged in breaking a chunk of coal for use on a forge.

On September 8, 1924, pursuant to a hearing had at Coalgate, Okla., on April 18, 1924, the Industrial Commission entered an order awarding claimant compensation for total disability at the rate of $18 per week, from January 26, 1924, to the date of the award, and thereafter at the rate of $18 per week until termination of disability or until otherwise ordered by the commission.

The Hazelton Coal Company and the insurance carrier have filed their petition in error in this court to review said order and award. For convenience, the appellants will be hereinafter designated as petitioners, and the claimant as respondent.

It appears from the record that the respondent filed his claim with the Industrial Commission on February 25, 1924, reciting that on January 19, 1924, while breaking a chunk of coal for use on a forge, he was struck in the left eye with a small piece of coal resulting in the practical loss of vision thereof. The claim was set for hearing on the 18th day of April at Coalgate, at which time the petitioners entered a protest and moved for a continuance for the reason that they had not received proper notice thereof, resulting in their inability to secure the attendance of necessary witnesses. The notice given of this hearing shows that it was sent only to the attorney of record for respondent, and the receipt of notice was signed solely by him. The motion of petitioners was sustained and the case continued for further hearing at Coalgate, except that it was ordered that the testimony of the witnesses for respondent then present might be taken. The award of the commission as finally made on September 8, 1924, was based entirely upon the evidence taken on April 18, 1924. There was no subsequent hearing at Coalgate, or elsewhere, at which the petitioners were given an opportunity to present their testimony in relation to the claim of respondent, and the award, as finally made, was based entirely upon the testimony of the respondent, and of witnesses in his behalf.

As we view the case the proper disposition of this case turns on whether there was any evidence to support the order and award of the Industrial Commission allowing respondent compensation for continuing total disability.

The findings of fact incorporated in the award of the Industrial Commission are as follows:

"First: That the claimant was employed in a hazardous occupation and that while engaged in said employment he received an accidental injury arising out of and in the course of his employment with the respondent herein on January 19, 1924; said accident being to the left eye.

"Second: That the claimant was a blacksmith and he went to get a piece of coal and threw it on a forge and he hit the coal with a hammer to break it, and while doing so, a piece of it flew up and hit him in the left eye; and thereafter, on the 21st day of January, 1924, he went to Dr. Hipes and soon afterwards went to Dr. Clark, who gave him a prescription for his eye, and later on he went to Dr. Hipes; thereafter on January 26, 1924, he was compelled to dis-

continue work and has been unable to perform ordinary manual labor because of the injury received on January 19, 1924.

"Third: That his wages were $8.01, per day at the time of his injury."

These findings of fact are followed by a formal award of $18 per week for continuing total disability.

It will be noted that the commission, in the findings of fact above quoted, does not undertake to find that the respondent has suffered either the permanent partial or total loss of the use of an eye, or any other member of his body, but finds that he has been unable to perform ordinary manual labor because of the injury received on January 19, 1924, which injury is described and set forth in the findings of fact. We are unable to find in the evidence any support whatever for this conclusion. The respondent himself testified as follows:

"Q. You state that you quit work on January 26, when did you return to work? A. I have never returned. Q. Why haven't you returned, Mr. Baker? A. I told you why, because my eye was going too bad; it pains me and I have got a dull ache all the time. It is not what you would say painful, just a dull ache. Q. But you are able to perform your duties. A. I would not go back to my trade; I would not chance my other eye. Q. As far as your physical condition as a result of this accident, you are able? A. There is no better man of my age. Q. I am talking about your eye? A. I would not go back to work with it. Q. When did the mines close down on strike? A. I can tell you just exactly when they suspended. They closed down on February 11, 1924. Q. Monday, February 11th. Have you attempted to perform any kind of duties since that time? A. No, sir. Q. Have you earned any wages performing any duties of any kind? A. No, sir. * * * Q. With both eyes open you can see about as well as you ever did, except when doing this particular class of work? A. I can see good from the right eye. Q. You could go back and do the same work you did previous to the accident? A. I believe my right eye is just as good."

The most that the evidence tended to show, in any view of the case, was that respondent had sustained either the total or partial loss of the use of his left eye, and this, under our statute, contitutes partial disability. To constitute total disability, the loss of both hands, both feet, both legs, or both eyes, or any two thereof. must be sustained. Chapter 61, Session Laws of 1923, amending section 7290, C. O. S. 1921. If, however, the commission intended to hold, as a matter of law, that it was justified in allowing respondent compensation for total

disability because he had sustained the loss of the use of his eye, when it is not shown that respondent was disabled in any other portion of his body, and based solely upon the statement of respondent, that while able to perform manual labor he did not wish to chance his other eye, its judgment is still unsound.

In the case of Integrity Mutual Casualty Co. v. Walter Garrett, 100 Okla. 185, 229 Pac. 282, this court said:

"While the statute (7290) provides that in all other cases permanent total disability shall be determined by the facts, the facts can only be obtained from the evidence adduced from the witnesses as in any other civil action, and the commission must be bound by the evidence, and by that alone, and there being evidence tending to prove the complainant has suffered the loss of the use of one leg, and the record disclosing no evidence of total permanent disability, the award of the commission should be reversed and this cause remanded to the commission with instructions to vacate the award of compensation for total permanent disability, and to award the complainant compensation for the loss of the use of his leg for a period of 175 weeks."

See, also, Spring Canyon Coal Co. v. Industrial Commission (Utah) 193 Pac. 821; Georgia Casualty Co. v. Jones (Ga.) 119 S. E. 721.

There is no showing in any of the evidence introduced that respondent was disabled in any portion of his body other than an injury to his left eye, so as to justify compensation for total disability under the provisions of section 7290, C. O. S. 1921, as amended by chapter 61, Session Laws of 1923, which, among other things, provides:

"That in all other cases, permanent total disability shall be determined by the facts."

In this situation, the statute itself fixes the compensation to be paid for the loss of specific members of the body, and the compensation thus fixed is exclusive of any other compensation for disability arising solely from the loss of that particular member. It follows that the commission in the case under consideration was not justified in allowing respondent compensation for continuing total disability.

It is seriously contended by petitioners that, under the evidence before the Industrial Commission, it is not shown that the respondent sustained any injury or disability arising out of and in the course of his employment, and that for this reason the Supreme Court should reverse the award with directions to enter an award in favor of petitioners. With this contention we can-

not entirely agree. Whether in this case respondent sustained any injury in the course of his employment was a question upon which there was a conflict in the evidence. There is some evidence tending to show that the injury of which the respondent complains was of long standing, and that the injury had not affected his vision in any way. There was other evidence introduced in conflict therewith, and to the general effect that on account of the injury, the respondent had or would eventually entirely lose the sight of his left eye.

Ordinarily the findings of the Industrial Commission upon disputed questions of fact are binding on the Supreme Court on appeal, and in this case, this court would not be called upon to disturb any such finding, if the Industrial Commission, as a matter of fact, had found or had intended to find that the respondent had suffered the total or partial loss of the use of the left eye as the result of an accident arising out of and in the course of his employment, and if the petitioners had been afforded an opportunity to appear at the hearing before the Industrial Commission and offer their testimony. The record shows that no notice was ever given petitioners of the hearing had at Coalgate on April 18th, on which the award of the commission was based, as required by rule 29 of the Industrial Commission, which provides:

"When an answer has been filed, and the commission deems it necessary to hold a special hearing to hear the testimony, the commission will order the case set for hearing, either at its office in Oklahoma City, or elsewhere in the state, and the secretary shall issue a notice to the claimant, respondent and insurance carrier, giving the latter ten days' notice of such hearing. Said notice shall designate the time and place such hearing shall be held. * * *"

In this situation we cannot say that the record is such as to make it incumbent upon this court to set aside the award made and direct the commission to enter an award either allowing or refusing respondent compensation for the total or partial loss of the use of the left eye. Under the circumstances presented by this record, this court feels that the question of whether respondent has suffered the total or partial loss of the use of the left eye from an accidental injury arising out of and in the course of his employment has never been properly and fairly submitted to or tried by the Industrial Commission, and it is therefore the judgment of this court that the award heretofore made by the Industrial Commission be, and the same is hereby, set aside and the cause remanded to the Industrial Commission with directions to order a retrial and to give all parties such notice thereof as is required by rule 29 of the Industrial Commission, and that upon such retrial, it enter such award as the facts justify, provided, however, it enter no award allowing respondent compensation for continuing total disability.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 94, § 83; anno. L. R. A. 1916A, 136, 154; L. R. A. 1917D, 168; 28 R. C. L. pp. 820, 821; 4 R. C. L. Supp. p. 1867; 5 R. C. L. Supp. p. 1577. (2) Workmen's Compensation Acts, C. J. p. 125, § 131.