**ADAMS v. SUPERIOR OIL CORP. et al.**

No. 17167—Opinion Filed Oct. 5, 1926.

**1. Master and Servant — Workmen's Compensation Law—Burden of Proof on Claimant.**

The burden of proof is on the claimant to show by competent evidence that the damage suffered was caused by an accidental injury arising out of, and in the course of, the employment.

**2. Same — Disallowance of Compensation Sustained.**

Record examined; held, that the judgment of the Commission is reasonably supported by the evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Claim by James H. Adams for Compensation under the Workmen's Compansation Act. Judgment against claimant. Claimant filed action for review in the Supreme Court within the time provided by statute. Judgment of Industrial Commission affirmed.

Skalnik & Kirk, for petitioner.

Ross & Thurman and S. J. Clay, for respondent.

Opinion by STEPHENSON, C. James H. Adams filed his claim with the Industrial Commission for compensation under the Workmen's Compensation Act, for injury suffered in the course of his employment with the Superior Oil Corporation. The trial of the cause resulted in a judgment denying the claimant compensation. The latter commenced his proceeding in this court within the time provided by statute for a review of the order.

The evidence disclosed that James H. Adams was in the employ of the Superior Oil Corporation, as a truck driver for a given period of time; that shortly before he left the service of the company her suffered a breaking-out on his limbs which subjected him to considerable pain and prevented him from pursuing his work. The claimant called on a doctor, who advised him that he was suffering from the effects of coming in contact with poison ivy. The claimant testified that his duty as truck driver required him to go on to the several leases of the respondent oil corporation and haul casing and other material from one lease to another. The claimant testified that he did not see any poison ivy on any of the leases; in fact, would not know poison ivy if he saw it. The claimant was unable to give the date he suffered the injury, or where he came in contact with the poison ivy.

The judgment of the Commission was to the effect that the injury suffered by claimant did not result from an accidental injury arising out of and in the course of his employment with the respondent oil corporation. The burden of proof is on the claimant in an industrial action to show by competent evidence that the damage suffered resulted from an accidental injury arising out of and in the course of his employment. The claimant failed to discharge this burden. As-

sociated Employers Reciprocal et al. v. State Industrial Comm. et al., 83 Okla. 73, 200 Pac. 862.

The order of the Commission is affirmed.

By the Court: It is so ordered.

Note.—See under (1) C. J. p. 115, §112. (2) C. J. p. 115, §114.