LAWRENCE v. STATE INDUSTRIAL COM.
et al.

No. 17447—Opinion Filed Nov. 23, 1926.

1. Master and Servant—Workmen's Compensation Law—Appeal—Finality of Decisions on Facts.

The decision of the Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based, if there is any competent evidence to reasonably support it.

2. Same—Statutory Notice of Injury by Employee—When Excused.

Where the employer was present at the time the injury was received by his employee and gives notice of said injury to the Industrial Commission, under the form prescribed, and there is no showing that the employer is prejudiced by the failure of the employee to give the notice, the giving of such statutory notice will be excused.

3. Same—Compensation for Temporary Total Disability—Award Sustained.

Where an employee receives an injury while engaged in one of the employments mentioned under section 1, chap. 61, Sess. Laws 1923, which is defined to be a hazardous employment under section 2 of the same act, which results in a temporary total disability, incapacitating him from performing any labor, he is entitled to recover two-thirds of the average weekly wages, during the continuance of said temporary total disability, for the number of weeks prescribed by the statute. Held, that the award in the instant case, made by the Industrial Commission, is in substantial conformity with the statute.

(Syllabus by Thompson, C.)
Commissioners' Opinion, Division No. 5.

Action by E. L. Lawrence to review an award of Workmen's Compensation to Claude L. Brown. Prayer of petitioner denied, and cause remanded to Industrial Commission to carry out its order.

Stephen C. Treadwell and Ray Trosper, for petitioner.

Geo. F. Short, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and C. L. Evans, for respondents.

Opinion by THOMPSON, C. This action is upon an original petition filed in this court by E. L. Lawrence, petitioner, against the State Industrial Commission and Claude L. Brown, respondents, designated in the petition as plaintiff and defendants, to review an award made by the State Industrial Commission, made on the 7th day of May, 1926, by which Claude L. Brown was awarded $18 per week for temporary total disability for injury to one eye, which injury was received on the 16th day of March, 1926, said award to be computed from the 22nd day of March, 1926, until the termination of disability, or until otherwise ordered by the Commission, and ordering the said E. L. Lawrence to pay in cash the sum of $120 already accrued and statutory medical expenses incurred by claimant as a result of said accident.

The record discloses that Claude L. Brown was engaged at the trade of a carpenter, and that, on the 16th day of March, 1926, was in the employ of E. L. Lawrence in connection with three other carpenters in building a house in the 600 block on Southeast 26th or 27th streets, Oklahoma City, Oklahoma county, Oklahoma, as shown by the employee's first notice of injury and claim for compensation and as shown by the employer's first notice of injury, the only difference being that the employee's first notice locates the scene of the injury as occurring at 600 East 27th street, and the employer's report shows it to have occurred at East 26th street, in Oklahoma City, and the testimony of one of the witnesses shows it to have occurred at 27th street, and by two other witnesses at 26th street; that, while driving a nail, in putting up a partition in the house, it flew out and struck him in the cornea, just below the pupillary, cutting through the eye and incapacitating him from performing any labor from the time of the receipt of the injury until the date of trial, and that he had been under treatment from the date of the injury, and was still under treatment at the time of the trial, the attending physician and the said Claude L. Brown both having testified that he was unable to perform any work or labor from the date of the injury and at the date of trial was still incapacitated. In the notices, heretofore referred to, and in the testimony at the time of the trial, it appears that the condition of the eye, at all times up to and including the date of the trial, was such that no one could tell what would be the permanent effect of such injury, but that the injury was such as to amount to temporary total disability, incapacitating him from performing any labor connected with his calling. The injury occurred in the presence of his employer, E. L. Lawrence. No formal notice was given by the employee to the employer. The statutory notices were given by both the employee and employer to the Industrial Commission on the forms prescribed by the State Industrial Commission, together with the attending physician's report. Notice

of hearing was issued and a hearing was had before the Commission on the 20th day of April, 1926. All parties appeared and announced ready for trial, and E. L. Lawrence, the petitioner, objected to any proceeding on the grounds that the Commission had no jurisdiction, and that the statutory notice had not been served upon the employer. The objection was overruled and exception reserved. After the testimony was concluded, the Commission, on the 7th day of May, 1926, made its finding of fact that the claimant was in the employment of the respondent; that he was engaged in a hazardous occupation, within the meaning of the statute, and in the course of his employment, he received the injury complained of, on the date heretofore stated, and that, as a result of said accident, the claimant had been since said date and was then temporarily totally disabled from performing his work, and that the claimant's average wage at the time of his injury was $5 per day, and awarded him the weekly amount and his medical expenses, as heretofore stated in this opinion.

The attorneys for the petitioner, in their brief, contend that the Commission had no jurisdiction of the cause, for the reason it is claimed that the record does not show that the work in which the claimant was employed at the time was done upon any city dwelling, or within the corporate limits of any city, and referred to the statute, which excepts farm buildings and farm improvements, being section 1, chap. 61, pages 118 and 119, of the Session Laws of 1923, which is amendatory to section 7283, Comp. Stats. 1921, and provides:

"Compensation provided for in this Act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: * * * Buildings being constructed, repaired, or demolished, farm buildings and farm improvements excepted. * * *"

To this contention we cannot agree, for, as heretofore stated in this opinion, the notices of the employer and employee show the place of the injury to have been on either 26th or 27th street, in Oklahoma City, Oklahoma county, Okla., and the testimony of three witnesses, the petitioner, Brown and Freeman, shows that this building was a residence being constructed in said city on one of said streets.

They also complain and say that the Commission erred in finding that the petitioner was engaged in a hazardous occupation within the meaning of the statute. Section 2 of the same act, heretofore referred to, amenda-

tory to section 7284, Comp. Stats. 1921, defines hazardous employment to mean manual or mechanical work or labor connected with the industries, occupations, or trades mentioned in section 7283, supra, as amended by section 1, page 119, Sess. Laws 1923, and the section referred to includes buildings being constructed, repaired, or demolished, and the occupation the petitioner was engaged in and the labor he was performing is clearly contemplated by the act as being a hazardous occupation or employment, and we are clearly of the opinion that this contention has no merit.

It is further contended that the proceeding was not within the jurisdiction of the Commission, for the reason that the claimant's statutory notice was not served upon the employer as required by law. The testimony shows that the employer was present at the time of the accident and knew personally of the accident and filed his report, and he was not prejudiced by such failure to give notice, and we are of the opinion that this was sufficient excuse for failure to serve statutory notice in this cause. See Oklahoma Gas & Electric Co. et al. v. J. L. Thomas, 115 Okla. 67, 241 Pac. 820.

The attorneys for the petitioner further complain that the Commission erred in finding that the claimant was temporarily totally disabled, for the reason that the testimony shows that there was an injury to but one eye and that the vision of the other eye had not been impaired. The testimony of the claimant shows as follows:

"Q. You can see out of the other eye, cannot you? A. Nothing like I could before. I can distinguish objects. Q. You are well physically and every other way? A. Yes."

And the testimony of the claimant is that he had been unable to do any work since he received the injury, and the testimony of Dr. Ferguson, the attending physician, is that the injured eye will never be normal again, but that he could not tell what the final outcome of the injury would result in, but that the present indications are that the injured eye "would be fairly good. It's impossible for me to tell now what the ultimate result will be. Any injury sufficient to cut through the eye ball will have some late results. We cannot tell at this time." The testimony of the physician further shows that claimant had not been able to do any work since he had been treating him. Therefore, under this testimony, it is clear that the finding of the Commission, that he was temporarily totally disabled from performing his work at all times since receiving the injury

up to and at the time of the trial of the cause, was correct.

The law-writers define a temporary disability as one that is not permanent, that which is to last for a limited time only, as distinguished from that which is perpetual or indefinite in its duration. Under subdivisions 3 and 4, section 6, chap. 61, Sess. Laws 1923, it is said that an employee may recover for temporary partial disability or for a permanent partial loss of the sight of one eye, but, under the evidence in this case, at the time of the trial, it was impossible to determine what the ultimate result of the wound would be to the eye of the claimant, and the Commission was only able to determine that he was laboring at the time under a temporary total disability, and it occurs to us that the petitioner in this case should have waited a reasonable time and proceeded under section 13, Sess. Laws 1923, page 128, which is amendatory of section 7325. Comp. Stats. 1921, which provides that the Commission retains continuing jurisdiction over the case, and from time to time may make such modifications or changes with respect to former findings or orders relating thereto. as, in its opinion, it may be justified; and in the order itself it was provided that the award should continue weekly "until the termination of disability or until otherwise ordered by the Commission." Under Dr. Ferguson's testimony, it appears that the full extent of the injury to the eye could have been determined within a short time after the date of trial. It is also provided by the statute law of this state that the Commission may, at any time, review any award, and on such review may make an award ending, terminating, or increasing the award previously made. The petitioner, therefore, in our opinion, should have pursued the complete remedy provided, before the Industrial Commission, for all matters complained of here, under these provisions of the statute. Attorneys for petitioner cite and rely upon the cases of Hazelton Coal Co. et al. v. Baker et al., 112 Okla. 107, 240 Pac. 93, and Integrity Mutual Casualty Co. v. Walter Garrett. 100 Okla. 185, 229 Pac. 282. But, upon examination of these two opinions, it clearly appears that the ruling in those two cases applies to continuing total disability, and is clearly distinguishable from the instant case where the question is only of a temporary total disability. As heretofore stated the injury to the claimant in this case was not determinable at or before the trial, but he was incapacitated from performing any labor as a carpenter since the receipt of the injury.

We are clearly of the opinion that, under the condition disclosed by the record in this case, the Industrial Commission was clearly justified in making the order complained of, and its order is hereby approved, and the prayer of the petitioner should be and it is hereby denied, and the cause remanded to the Industrial Commission to carry out its order of May 7, 1926.

By the Court: It is so ordered.