## HUDDLESTON v. COMMONWEALTH MINING CORP. et al.

No. 19241.    Opinion Filed Oct. 8, 1929.

John A. Brett and Lydick, McPherren & Jordan, for petitioner.

Edwin Dabney, Atty. Gen., by Ralph G. Thompson, Asst. Atty. Gen., for Industrial Commission.

J. Fred Swanson and Edgar Fenton, for Commonwealth Mining Corporation and United States Fidelity & Guaranty Company.

ANDREWS, J. This is an original proceeding to review the action of the State Industrial Commission in refusing to reopen cause and grant further compensation to Fred Huddleston, claimant herein.

The record in this case shows that claimant, while in the employ of Commonwealth Mining Corporation, respondent herein, on the 1st day of September, 1926, and in the course of his employment, strained his back. His explanation thereof was: "I was lifting on the machine, lifting it up, and it gave my back an awful jerk." Notice was given the State Industrial Commission on the prescribed form. On September 25, 1926, claimant and respondent entered into a stipulation and receipt on the form prescribed for that purpose, and the same was, on September 28, 1926, filed with the State Indus-

trial Commission. That stipulation provided that the injury occurred on September 1, 1926, and that disability ended on September 30, 1926. There is no controversy over the amount of the wage or weekly compensation due in this case. The receipt acknowledged payment of $63 on account of disability resulting from the injury in question. This "stipulation and receipt" was considered by the State Industrial Commission on September 30, 1926, and after consideration thereof an award was made for compensation for disability resulting from the injury in question, the aggregate amount thereof was fixed at $63, the payment thereof was approved, and the payment was credited in satisfaction of the award. On September 30, 1926, claimant returned to work. He worked two days and quit for the reason, as expressed by him in his testimony, as follows: "The work was too heavy. I couldn't stand it." "My back was too weak to do the work. I couldn't stand it and had to quit." "I had to quit my work, my back hurt me until I had to quit. It was weak." Thereafter claimant attempted to work and did some work, the amount of which he could not state and the proceeds from which he stated amounted to approximately $100.

On May 2, 1927, claimant filed a motion to reopen the case and grant further compensation for the injury and in support thereof offered to show:

"(1) The claimant will show to the Honorable Commission that the claimant was temporarily totally disabled from performing ordinary manual or mechanical labor to the 24th day of November, 1926, when he worked one day at a wage of $3.75 a day, and was temporarily totally disabled until February 14, 1927.

"(2) The claimant says that he has received five weeks compensation at the rate of $18 a week, being a total of $90.

"(3) The claimant will further show that he has never fully recovered from the injury of August 31, 1926.

"(4) The claimant will further show that he was under the care of a doctor after compensation was discontinued."

This motion was heard and testimony was taken in support thereof. The motion was then denied. A petition for rehearing was sustained and the order denying the motion was vacated. On further hearing, the motion was again denied. This proceeding is to review the action of the State Industrial Commission in denying the motion. The order sought to be reviewed found and determined:

"* * * That the evidence is insufficient to show a change in condition, fraud, or that claimant is entitled to further compensation for an injury sustained September 1, 1926;

"It is therefore ordered: That the motion of claimant to reopen cause and award further compensation be, and the same is hereby, denied and this cause closed."

The petition presents four assignments of error. The first assignment is waived in claimant's brief, and the others are as follows:

"(2) That the State Industrial Commission committed error in refusing to hold that the petitioner, Fred Huddleston, at a hearing held at Miami, Okla., November 14, 1927, adduced evidence sufficient to show a change in condition, entitling him to further compensation.

"(3) That there is evidence sufficient to sustain the motion of petitioner.

"(4) That the decision and order of the State Industrial Commission is contrary to law."

The assignments of error are presented by claimant under two propositions, which we will discuss in order. The first is:

"Where a written agreement is filed with the State Industrial Commission which, according to its terms, alleges that the claimant is able to return to work and no hearing is had nor testimony taken of the condition of claimant, and thereafter he makes an effort to work, but finds he is unable so to do because of his disability as a result of the injury, the Commission has jurisdiction to inquire into the facts concerning claimant's disability and award such compensation as he may be entitled to under the act, regardless of any testimony showing an actual change in claimant's condition."

This proposition is based on the assumption that claimant was unable to work **"because of his disability as a result of the injury,"** and in the absence of a showing of that fact the proposition must fall.

The evidence in this case shows that claimant sustained a prior injury to his back on the 9th day of May, 1925, while in the employ of the Dorothy Bill Mining Company. From that time to the time of his injury on September 1, 1926, he was able to work only at light work and attempted to work at mining only 17 days, about ten days of which were immediately preceding the date of his last injury. His testimony on that subject was as follows:

"A. The first work I done was the 9th day of May, 1925, and I never done no work until March 26, 1926. Q. Then you worked

from March, 1926, to August, 1926, when you were injured the second time? A. Well, I worked a very little bit. I done very light work March 9th and I think I worked a little bit helping wreck a building, pulling the nails then. I would have to get down on my knees to nail the boxes and then I worked in August, 1926, I went back and tried to work in the mines and worked 17 days. I worked at three different places in that 17 days. The work was too heavy for me and I worked these places and had to quit and go out and look for something lighter. I worked three different places in 17 days."

On cross-examination he testified as follows:

"Q. Before you went to work for the Commonwealth, who had—what had you been doing? A. I hadn't been doing but very little. I done a little bit of work in March, light work helping wreck a building and a couple of small houses. Q. March, 1926? A. Yes, sir. Q. How many days did you do that? A. I think I worked along there about, not steady but I think three weeks on the job. I don't remember how many days I worked. Q. Do you remember how much you made? A. No, I don't remember. Q. Going back before March, 1926, what was the work you did before that? A. I don't—I didn't do any."

He further testified:

"Q. You were not able to work between March, 1926, and August 31, except for about ten days? A. No, sir. Q. How did you get along those ten days, Mr. Huddleston—were you able to do a full day's work? A. No, sir; I couldn't. I have never been able to do a full day's work since the injury. Q. Are you worse now than you were in August, 1926? A. I don't know as I am any worse. Q. Are you about the same. A. Just about the same. I don't know as I am better. Q. Is there any pain in the same place? A. Absolutely, in the same place."

It certainly cannot be said that claimant's inability to work is "because of his disability as a result of the injury." In fact, this evidence is sufficient to show that his disability is the result of the injury sustained in May, 1925.

This conclusion as to the effect of the evidence makes it unnecessary to review the authorities cited in support of the first proposition of claimant.

Claimant's second proposition is:

"The phrase 'a change in condition' does not include merely a change in physical condition, but includes all such changes as would render it inequitable and unjust for the continuance of the award."

This proposition is fully answered by the evidence hereinabove quoted.

While not raised by either of claimant's propositions, he contends in his brief that he was induced, to sign the stipulation and receipt by reason of the statements of the doctor. The record discloses the following testimony of claimant in reference to the statements of the doctor:

"Q. Now, Mr. Huddleston, back in September, 1926, when you were advised by Dr. Aisenstedt that you were able to return to work, state whether or not Dr. Aisenstedt made a physical examination of you at that time? A. No, sir; Dr. Aisenstedt didn't lay his hands on me. Q. What did he do relative to ascertaining your condition? A. He questioned me as to how I felt. He asked me if the treatment was doing me any good, and I told him it wasn't. By Mr. Fenton: Now what time do you have reference to? By Mr. Jordan: At the time he advised him to go to work last September or October. Q. What did Dr. Aisenstedt tell you, if anything, relative to your returning to work in the mines? A. He told me if my back was in shape, I could go out and go to work. He also advised me to find something else besides mining, because the insurance company didn't want to pay the compensation after a few days I was in the hospital. Q. Did he tell you you wouldn't be able to do that heavy work if you were in the condition such as you related? A. Yes, sir; that is what he said."

In the light of the testimony as to the condition of claimant before and after the injury complained of, it seems that it was proper advice.

In view of the testimony of claimant himself, this court cannot say that the finding of the State Industrial Commission is not sustained by competent evidence.

Under section 7305, C. O. S. 1921, a claimant may not waive his right to compensation, but under section 7294, C. O. S. 1921, he may agree as to the facts with relation to an injury. In this instance the claimant, after being advised by a competent physician that he could not do mining work and that it would be necessary for him to procure lighter work, stipulated that his disability had ceased. This was approved by the State Industrial Commission. This did not mean that the claimant was a well man. It meant only that the disability resulting from the injury of September 1, 1926, had ceased. He might have continued to suffer disability from the injury of May, 1925. The State Industrial Commission, after a full hearing, determined that he had been fully compensated for the injury of September 1, 1926.

The rule of law announced in U. S. F. & G. Co. v. State Industrial Commission et al., 125 Okla. 131, 256 Pac. 892, is the proper rule. There the action of the State Industrial Commission in setting aside an award made on a stipulation was approved. But here the State Industrial Commission, having the same authority, refused to set aside the award.

There is nothing in Branham v. Carter Oil Co., 87 Okla. 80, 209 Pac. 400, Lane and Wasson Co. v. Wright, 126 Okla. 53, 258 Pac. 729, Stewart v. Model Coal Co. (Ky.) 288 S. W. 696, Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S. W. 533, Miller Creamery Co. v. Industrial Accident Commission of California (Cal.) 226 Pac. 402, Whitehead Coal Mining Co. v. State Industrial Commission, 85 Okla. 80, 204 Pac. 905, Moran v. Oklahoma Engineering, Machine & Boiler Co., 89 Okla. 185, 214 Pac. 913, In re Stone (Ind. App.) 117 N. E. 669, or St. Joseph Mining Co. v. Pettitt, 90 Okla. 242, 216 Pac. 657, or any other decision cited by claimant, that conflicts in any manner with the rule herein announced.

Claimant is in error in his theory. Here the State Industrial Commission did not rely on the signed stipulation. It heard evidence as to conditions as they existed. Its order is not based on the stipulation. Its order is based on "* * * consideration of said motion, having reviewed the testimony, all records on file and being otherwise advised in the premises. * * *" The action sought to be reviewed is not a refusal to consider evidence, but is the fair determination made after a full review of the evidence. In concluding his brief, claimant says:

"* * * Until the disability caused by such injury terminates the State Industrial Commission has no authority to discontinue the compensation except for the lapse of time provided for in the statute according to the particular disability."

With this we agree. But the determination from the evidence of whether or not the disability caused by the injury has terminated is for the State Industrial Commission, and where there is any competent evidence to support the finding, the same will not be disturbed by this court. The burden was on claimant to show that he was suffering from a disability caused by the injury complained of. The State Industrial Commission found against him. There is competent evidence to sustain the finding. The prayer of the petition herein is denied.

HUNT, CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., LESTER, V. C. J., and HEFNER, J., absent.

Note.—See under (1) anno. L. R. A. 1916A, pp. 178, 266; L. R. A. 1917D, 186; 30 A. L. R. 1277; 28 R. C. L. p. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 6 R. C. L. Supp. p. 1766; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. §112, p. 115, n. 24; §127, p. 122, n. 40.