### NEIFEH et al. v. LACKEY et al.

No. 21734.   Opinion Filed May 19, 1931.

Clayton B. Pierce and J. R. Moore, for petitioners.

Robt. D. Crowe, Asst. Atty. Gen., and M. L. Matson, for respondents.

McNEILL, J. This is an original action to review an award of the State Industrial Commission. The respondent, Hiram R. Lackey, received an accidental personal injury, arising out of and in the course of his employment, while he was working as an oil driller for the petitioners herein on an oil well near Bristow, Okla.

The accident occurred on April 12, 1929. While the respondent was bracing certain timbers to hold the casing, his feet slipped causing him to fall across a 15 inch pipe. His left side struck the casing and a timber which he was setting up struck his hand, fracturing a bone in the upper part of his wrist. Respondent states that prior to the injury he had a hernia; that it was aggravated by this fall, and that it settled across his back and kept getting worse until finally he could not get up or down. The portion of his body which came in contact with the casing turned black and blue. His arm continued to pain him and get worse. The petitioners were present and assisted the respondent at the time of the receipt of his injury. At that time, petitioners carried no compensation insurance. The respondent, however, continued at his work until May 13th, with the exception of two days, May 3rd and May 4th, when he endeavored to collect some money to secure treatment for his injuries. Petitioners procured no medical aid until about May 20th. On May 21, 1929, Dr. Levy made an X-ray of the left hand of the respondent. The X-ray revealed a fractured bone on the upper part of the wrist. At that time, the respondent made no complaint of hernia, but did complain of his back hurting him. Dr. Levy did not treat him for this and made no examination of the respondent other than the hand. After various trips to different doctors, the respondent, through the aid of the county commissioners, entered a hospital and was operated on for hernia.

Counsel contends that there is no competent evidence reasonably tending to support the finding of fact by the Commission that the strangulated hernia resulted from the accident complained of herein, and is therefore contrary to law. There is no merit to this contention.

Dr. W. P. Longmire testified, in part, as follows:

"Redirect Examination.

"By Mr. Matson: Q. Suppose a man should have a hernia for some years, and he would receive a violent blow on his left side about in there, would that be liable to aggravate

or increase the hernia? A. It might. Q. Would there be any suffering from that hernia before the period of strangulation? A. If the blow were severe enough to injure the inguinal ring, it would be sore and painful. Q. In operating, doctor, could you tell whether or not that hernia was caused by a blow or injury, and on the left or right side? A. On account of it being strangulated, I couldn't tell what caused the hernia. Q. There would be nothing about it to indicate whether the injury came from the right or left side? A. No, sir, I couldn't tell anything about it being a strangulated hernia. That is all."

"Recross Examination.

"By Mr. Wright. Q. But any such injury must have been an injury to the ring direct? A. Pressure would have to be diverted to the ring. Q. In other words, a blow in the side about middle way? A. Yes, by interabdominal pressure would be reverted to the ring, that is the way you would get the injury. That is all."

The Commission found, in part, as follows:

"That, as a result of said accidental injury, claimant suffered an aggravation of a pre-existing hernia, and by reason of said aggravation, claimant's hernia became strangulated, and he was compelled to submit to an operation."

The evidence reasonably supports the finding of the Commission.

This court has often announced the rule:

"That in a proceeding in the Supreme Court to review an order of the State Industrial Commission, such proceeding is to review errors of law and not of fact, and that the finding of facts of the Industrial Commission is conclusive upon the court, and will not be reviewed by the court where there is any competent evidence reasonably tending to support the same." Amerada Pet. Corp. v. Williams, 134 Okla. 177, 272 Pac. 828; Tahona Smokeless Coal Co. v. Industrial Comm., 134 Okla. 123, 274 Pac. 15; Huddleston v. Industrial Comm., 139 Okla. 79, 281 Pac. 269.

The award of the Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.