## SUPERIOR OIL CO. et al. v. SWIMMER et al.

No. 22034.    Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

Roy V. Lewis and Miley, Hoffman, Williams & France, for petitioners.

Steele & Boatman and James M. Hayes, Jr., for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant therein, who is one of the respondents herein.

The claimant sustained an accidental personal injury arising out of and in the course of his employment, consisting of a blow on the head. After sometime the petitioners filed with the State Industrial Commission a motion to terminate the payment of compensation for temporary total disability. After several hearings the State Industrial Commission made an order which, in effect, terminated the payment of compensation for temporary total disability as of April 15, 1930. That portion of the order became final. The issue herein arose out of the fact that without any motion or application therefor, the State Industrial Commission proceeded to make an award in favor of the claimant for "the sum of $2,700, or

150 weeks for 30 per cent. loss of vision in both eyes, at the rate of $18 per week." The award was based on the finding "that, as a result of said accidental injury, claimant has lost 30 per cent. vision in both eyes."

It is first urged that the Commission is without authority of law to make an award for permanent partial disability, as that matter was not before it for determination. In support thereof it is urged that the only matter before the State Industrial Commission for determination was whether or not the temporary total disability had ceased. The case of Whitehead Coal Mining Co. v. State Industrial Commission, 85 Okla. 80, 204 P. 905, is cited as being analogous, and Lawrence v. State Industrial Commission, 120 Okla. 197, 251 P. 40, is cited as holding that the cause should have been set for hearing for the purpose of determining the extent of permanent disability. Under the view we take of the law and the record, we do not deem it necessary to determine that question.

The petitioners contend that the evidence wholly fails to support an award for 30 per cent. permanent loss of vision in both eyes, and that the evidence wholly fails to establish any loss of vision as a result of the accidental injury. The burden of proof was upon the claimant to establish that the loss of vision, if any, was caused by the accidental injury. Adams v. Superior Oil Corp., 120 Okla. 2, 249 P. 700, and Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611. A number of doctors testified in the case, and none of them, and no other witness, testified that there was any permanent loss of vision in either eye. Partial loss of vision was established by the statements made by the claimant, but the doctors disagreed as to the extent of the loss. The disagreement was probably due to the condition at the different times when the examinations were made. Dr. Windham testified that he examined the claimant on March 27th and that at that time the claimant "claimed not to have been able to read figures one foot away from his eyes. He said he couldn't count my fingers when I held them up before his face like that." That doctor fixed the percentage of loss of vision as follows: "It was worse than 20/200—he is apparently blind. * * *" The conclusion of the doctor was based entirely on the statements made to him by the claimant, and he testified: "I found nothing wrong with the eyes—just Mr. Swimmer's statement that he could not see the figures at one foot."

Dr. Guthrie testified that he examined the

claimant on July 8th, and he found the vision to be 20/70; and that "I cannot see how it could be possible" for the loss of vision to have been caused by the accident.

We have quoted from the testimony only for the purpose of showing that that testimony showed there was a marked improvement of the vision of the claimant between March and July. There is nothing in the record to show the amount of vision lost at the time of the award on December 6, 1930. We cannot presume that it was the same as it was in July for there had been a marked improvement between March and July and there is nothing in the record to show that there was not a continued improvement between July and December. In view of the positive testimony of the doctors, we cannot presume that there would not be a complete recovery of the vision. At least there is nothing in the record to show that there was a permanent partial loss of 30 per cent. vision in both eyes on December 6, 1930.

For that reason, the award of the State Industrial Commission is vacated and the cause is remanded, with directions to proceed to hear testimony as to the extent of the permanent loss of vision, if any, caused by the injury sustained by the claimant.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., dissents.