## NATIONAL TANK CO. et al. v. GOLD et al.

No. 29079.    Oct. 24, 1939.

Everett Petry, of Tulsa, for petitioners.

Dan Nelson, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the National Tank Company, hereafter referred to as petitioner, and its insurance carrier, to obtain a review of an award which was made by the State Industrial Commission in favor of H. C. Gold, hereafter referred to as respondent.

The essential facts are not in dispute. On August 3, 1938, the respondent sustained an accidental injury to his left eye which was compensable under the Workmen's Compensation Law (O. S. 1931, section 13348 et seq., 85 Okla. St. Ann. § 1 et seq.) and was given necessary medical attention and paid compensation for the period of his resulting temporary total disability. The State Industrial Commission conducted hearings to determine liability and extent of disability, and on January 9, 1939, entered an award for temporary partial disability wherein it directed payment of the sum of $196.18 as accrued compensation to January 9, 1939, and payments thereafter at the rate of $11.54 per week for a period not to exceed 295 weeks from September 12, 1938.

The petitioner contends that said award is without authority of law and that there is no evidence to support the finding of decrease in wage-earning capacity of the respondent. It will be necessary to consider only the first contention advanced by the petitioner. The injury of respondent was to a specific member and was such as to require a determination of its nature and extent by skilled and professional persons and had to be proved by the testimony of such persons. Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P.2d 907; J. J. Harrison Const. Co. v. Mitchell, 170 Okla. 364, 40 P.2d 643; Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P.2d 1019. The evidence of all of the competent witnesses was in accord with respect to the fact that the sole injury which respondent had sustained was one to his left eye and that it was permanent in nature, but was in disagreement with respect to the extent of the impairment. There was no evidence of any temporary partial disability in said member.

The statute (section 13356, O. S. 1931, 85 Okla. St. Ann. § 22) establishes a schedule of compensation to be awarded in all classes of injuries. This schedule is comprehensive, complete, and exclusive, and the State Industrial Commission may make awards only upon the basis therein set forth. Under the foregoing schedule, injuries to specific members are to be compensated in the manner provided by subdivision 3 of said section. We have here no injury to more than one member, and therefore the cases where there was involved a percentage injury to two or more members have no application. An injury to a specific member is one which entitles the workman to compensation irrespective of whether such injury results in a decrease in wage-earning capacity. Nuway Laundry Co. v. Trice, 182 Okla. 518, 78 P.2d 706; Winona Oil Co. v. Smithson, 87 Okla. 226, 209 P. 398; Hazelton Coal Co. v. Baker, 112 Okla. 107, 240 P. 93.

In the award now under review, the State Industrial Commission attempted to apply subdivision 4 of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 4, as the basis for compensation. In so doing it proceeded erroneously. Therefore, the award will be vacated so as to enable the commission to make an award under the proper provision of the statute.

Award vacated for further proceedings.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.