Lora Mae ARNOLD, Petitioner,

v.

J. F. PRITCHARD & COMPANY, The Travelers Insurance Company and the State Industrial Court, Respondents.

No. 40693.

Supreme Court of Oklahoma.

Dec. 1, 1964.

As Amended on Denial of Rehearing Feb. 16, 1965.

———◆———

Sellers & Woodson, Drumright, Joe A. Moore, Memphis, Tenn., of counsel on the brief, for petitioner.

Sanders, McElroy & Whitten, Tulsa, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

BERRY, Justice.

On April 21, 1960, Lora Mae Arnold, claimant, filed a claim before the State Industrial Court for death benefits under the provisions of the Workmen's Compensation Act against J. F. Pritchard & Company, employer, and its insurance carrier, The Travelers Insurance Company. Claimant alleged that on or about May 3, 1959, R. A. Arnold, her husband, sustained an accidental injury to his head and right eye while in the employment of Pritchard & Company which resulted in his death on January 21, 1960.

On August 29, 1963, a trial judge of the Industrial Court entered an order, the pertinent part being as follows:

"That R. A. Arnold, deceased, sustained an accidental injury, arising out of and in the course of his hazardous employment with the above named re-spondent, on or about May 3, 1959, consisting of injury to his right eye.

"That said deceased died on or about January 21, 1960, as a result of a heart condition; that there is no causal connection between the accident suffered by deceased on or about May 3, 1959, and his death on January 21, 1960, but that said death was brought about solely by causes and conditions which were in no way related to said accidental injury.

"That by reason of the above and foregoing Finding of Fact, claimant's claim for compensation is denied."

Claimant brings this original proceeding for a review of the trial judge's order.

G. W. testified for claimant. He stated that in the summer of 1959 he was foreman of a high rigging crew for employer and that deceased was a member of that crew; that he could not recall the exact date but that sometime in that spring or summer deceased had some sort of an accident to his right eye or just below the right eye; that something struck the deceased but that he, the witness, did not know what it was; that he didn't remember whether he had filed an accident report on deceased or not; that deceased was taken by somebody to first aid; that deceased was back to work the next day; that he thought deceased worked about a week after the accident; that he didn't see deceased after that.

Claimant testified that in 1946 deceased was employed by the Texas Pipeline Company as a pipeline walker; that deceased fell in a creek while checking a pipeline; that he became ill and filed a claim against the Texas Pipeline Company; that the doctors in that case testified he was totally disabled; that he had heart trouble and circulatory trouble because of that accident; that deceased settled that claim by joint petition as being totally and permanently disabled. Claimant testified further that when deceased returned to their home some few days after the accident here in question he collapsed after climbing the stairs, that he had lost weight, that he wore a patch

over his right eye and also had a scar across his head, and that his condition continued to worsen until his death on January 21, 1960. Claimant also testified that in 1958 deceased spent five days in a hospital because of a heart attack.

Claimant introduced into evidence the written report of Dr. S., a chiropractor. After the salutation, the report is as follows:

"In regards to your request for information concerning the death of Ross Arnold. Mr. Arnold consulted me on July 6, 1959, concerning an injury he received previously while working in Oklahoma.

"My x-ray examination showed a *tromatic* condition to head causing *flatten* disc of 3rd cervical and 4th dorsal. His symptoms were: headaches, impaired vision of the right eye, and an asthmatic condition.

"Upon questioning Mr. Arnold none of the conditions were prevalent before the accident. Therefore, I concluded that they were caused directly from the accident.

"Mr. Arnold was under the care of Dr. Doss in Oklahoma, who was giving him medication and treatment. In my treatment I did not change the medication that had been prescribed, but recommended that we use traction and heat therapy to aid in removing pressure on the 3rd cervical and 4th dorsal. This was administered for a short while with no results and his condition was gradually getting worse. The labor*ing* breathing was causing a severe strain on his heart. I recommended that he be placed in a hospital for further examination and care, which was carried out, and death occurred shortly.

"In my opinion the injury Mr. Arnold sustained in the accident was the direct cause of his death."

This was the evidence presented by claimant.

The respondents offered nothing with the exception of a Form 2, which is employer's first notice of injury. It recited that on June 2, 1959, deceased sustained an accidental injury when a piece of wire was dropped from overhead striking deceased in the eye.

Claimant's primary contention for reversal of the trial judge's order denying her compensation is, in effect, that since the respondents did not offer any medical evidence, the report of Dr. S. on behalf of claimant is therefore necessarily controlling and that there is no competent evidence to support the lower court's finding that deceased "suffered death from a heart attack not related to the injury of 1959."

The burden of proof is on the claimant to prove that disability or death was caused by an accident arising out of and in the course of employment. Anderson v. Bills Bakeries, Okl., 393 P.2d 524; Indian Territory Illuminating Oil Co. v. Lewis, 165 Okl. 26, 24 P.2d 647; Motor Equipment Co. v. Stephens, 145 Okl. 156, 292 P. 63; Huddleston v. Commonwealth Mining Corp., 139 Okl. 79, 281 P. 269; Adams v. Superior Oil Corp., 120 Okl. 2, 249 P. 700; Tulsa Street Railway Co. v. Shoemaker, 106 Okl. 99, 233 P. 182; Cosmos Mining Co. v. State Industrial Commission, 101 Okl. 283, 225 P. 720; Hogan v. State Industrial Commission, 86 Okl. 161, 207 P. 303; Associated Employers Reciprocal v. State Industrial Commission, 83 Okl. 73, 200 P. 862.

The report of Dr. S. states that deceased consulted him on July 6, 1959, "concerning an injury he received previously while working in Oklahoma." Dr. S. does not fix any date for an injury, nor does he say for what injury deceased consulted him. Dr. S. does not say how the injury occurred nor to what part of the body. Dr. S. states that his "x-ray examination showed a *tromatic* condition to head," but does not say what part of the head or what caused the condition. Dr. S. reports that deceased "was under the care of Dr. Doss in Oklahoma, who was giving him medication and

treatment." Dr. S. does not say why Dr. Doss was treating deceased. Dr. S. stated that deceased's "laboring breathing was causing a severe strain on his heart." but does not say that deceased died from a heart condition. Dr. S. does not say from what deceased died, but that in his opinion "the injury Mr. Arnold sustained in the accident was the direct cause of his death."

We ask, what injury? What accident? What was the cause of death?

Dr. S.'s report does not indicate nor does the evidence otherwise show that traumatic condition of deceased was the result of the injury of May, 1959, nor that the injury occurred while with the Texas Pipeline Company. Nor does this report indicate that his pre-existing heart condition had been aggravated by the injury to the head in May, 1959.

In the present case the burden of proof is upon the claimant to show that there was a causal connection between the blow to her husband's head on May 3, 1959 and his death on January 21, 1960 as a result of a heart condition. This burden by necessity must have been resolved by expert testimony. Claimant's expert witness's qualifications as an expert were never recognized nor admitted by respondent even though his report, supra, was admitted. It is further noted in the record that the last time Dr. S. examined deceased was on July 6, 1959, and subsequent thereto and prior to his death he was in the care of several doctors and that claimant failed to furnish any evidence from these doctors but did object and the trial court sustained, a report from the attending doctor at deceased's death on the ground that it was a confidential communication.

Ordinarily, the probative value of medical testimony is for the trial court, and it may, under certain circumstances, entirely disregard or reject such testimony or the expert's opinion based thereon. The trial court might have inferred properly that had the report of the attending physician been admitted it would have been unfavorable to claimant.

The Industrial Court's order denying an award of compensation is hereby sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, J., concurs in result.